## Ex Parte Eugene Graham.

### No. 2438. Decided February 19, 1902.

**1.—Jeopardy—Bail.**

A judgment rendered in a case in which the trial judge was disqualified is void, and a void judgment will not sustain a plea of former jeopardy, or entitle an accused to bail beca      he was convicted by said void judgment of murder in the second degree.

**2.—Same.**

A judgment of the lower court denying bail in a murder case, where the proof is evident, is correct.

Appeal from the District Court of Robertson. Tried below in chambers, before Hon. Sam R. Scott, appointed by the Governor as special judge to try said case, the Hon. J. C. Scott, Judge of the District Court of Robertson County, being disqualified.

Appeal from a judgment on habeas corpus refusing relator bail in a case of murder. Appellant was indicted for the murder of Allie Boswell. The case is summed up in the brief of the Assistant Attorney-General as folllows:

An inspection of the evidence shows that appellant's co-defendant (his brother), two or three days before the homicide, had been assaulted and badly beaten by one Davis; that deceased was present; that appellant's brother and appellant himself blamed deceased for the assault, charging him with the crime, and at their instigation prosecutions were instituted against defendant and said Davis for said assault. Appellant on several occasions, and to several witnesses, both threatened and menaced deceased, denouncing him as a son of a bitch, saying that they would revenge, etc. The gun that deceased was killed with was secured by appellant, together with the cartridges of buckshot with which deceased was shot. That on the day of the homicide appellant accompanied his brother, carrying the gun; that when near the place where deceased was plowing in the field, appellant's brother concealed himself behind a clump of trees and deliberately assassinated deceased. The only contradiction is certain self-serving declarations testified to by the wife of appellant's brother and codefendant, and some immaterial and collateral contradictions as to distance; but the main facts of the case show undisputedly a cold-blooded, deliberate laying in wait for deceased, and the assassination of deceased on the part of appellant's codefendant, appellant instigating both by words and acts his brother's crime, and was at the very time of the assassination, present, aiding and abetting him.

No brief for relator found with the record.

*Rob't A. John,* Assistant Attorney-General, for respondent.

BROOKS, Judge.—Relator applied for the writ of habeas corpus before Hon. Sam R. Scott, special judge duly appointed by the Governor

to try this case. The hearing was originally had in Falls County, bail being denied. The case was appealed to this court and reversed, the application being ordered heard in Robertson County. Ex parte Graham, 64 S. W. Rep., 932. In pursuance of that order the case was heard in Robertson County, bail being denied, and relator remanded to custody, and this appeal is prosecuted.

It appears that relator has heretofore been tried, the jury finding him guilty of murder in the second degree. At that trial Hon. John L. Goodman presided as special judge. Upon the appeal of the case we held that the judge was disqualified, and because of his disqualification the judgment was reversed. On that appeal we said: "The trial judge being disqualified, as indicated above, the whole proceeding became an absolute nullity, the judgment void, and the cause stands upon the docket of the District Court of Robertson County as if the proceeding complained of in this record had never occurred." Graham v. State, ante, p. 110; 2 Texas Ct. Rep., 822. A void judgment would not sustain a plea of former jeopardy to any offense. Ogle v. State, ante, p. 219; 2 Texas Ct. Rep., 960. The Constitution authorizes bail in all cases where the proof is not evident. We have carefully examined this record and considered the evidence adduced, and are of opinion that the judgment of the lower court denying relator bail is correct. The judgment is affirmed.

*Affirmed.*