# FEBRUARY, 1911.

---

### Ex Parte W. J. Overcash.

#### No. 1082. Decided February 8, 1911.

**Habeas Corpus—Bail—Jurisdiction.**

It is necessary under the statute that a trial for bail, after indictment found, be heard in the county where the homicide occurred and where the indictment was found; and where a district judge had granted a writ of habeas corpus in a case in which there was a change of venue the writ is returnable to the county in which the indictment was found.

Appeal from the District Court of Jones. Tried below before the Honorable John B. Thomas.

Appeal from a refusal to grant bail on a writ of habeas corpus. The opinion states the case.

*Cunningham & Oliver* and *Helton & Murchison,* for relator.— Article 157, Code Criminal Procedure, is merely a venue statute and does not affect the jurisdiction: Ex parte Angus, 28 Texas Crim. App., 293; Patterson v. State, 15 Texas Crim. App., 102.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—Applicant was indicted in Throckmorton County for murder. The case was transferred, on change of venue, to Haskell County. The trial, under the writ of habeas corpus, was had in Jones County. Upon a hearing applicant was remanded to custody without bond.

Motion is made in this court to dismiss the appeal because the hearing under the writ was unauthorized in Jones County. Under our statute, after indictment is found, application for bail under writ of habeas corpus must be had in the county in which the indictment was found. This question has been several times before this court. See Ex parte Trader, 24 Texas Crim. App., 393; Ex parte Springfield, 28 Texas Crim. App., 27; Ex parte Graham, 43 Texas Crim. Rep., 463; 64 S. W. Rep., 932. The matter was also discussed to some extent in Ex parte Angus, 28 Texas Crim. App., 293. Under the statute and the decisions construing that statute, requiring the application for bail after indictment found to be heard in the county where the homicide occurred, the case must be tried in the county where the indictment was found. The judge who granted the writ of habeas corpus in this case was authorized to grant it as any district judge in the State would be authorized to do, but he is not authorized to hear it in any other county than Throckmorton. We, therefore, hold, under the facts of the case, and as this record presents the matter, that the writ was properly granted, but the case was improperly tried in Jones County, and that the writ should have been made returnable to Throckmorton County before the district judge of the district in which Throckmorton County is situated. It is therefore ordered that the judgment be set aside, and it is ordered that the writ of habeas corpus be made returnable before the district judge in Throckmorton County to be there heard and decided.

*Reversed and remanded.*