## FRED EVANS v. THE STATE.

### No. 4503. Decided February 24, 1909.

### Rehearing denied March 23, 1909.

**1.—Murder—Forcible Absence of Witness.**

Where upon trial for murder there was no motion to continue or postpone the case on account of the absent witness, nor was any process had to secure his attendance, the contention that said witness was prevented from attending trial by force, etc., could not be considered on appeal.

**2.—Same—Newly Discovered Evidence.**

Where upon motion for new trial it appeared that the alleged newly discovered testimony was merely cumulative, and besides there was a want of diligence to have discovered such testimony, there was no error in overruling the motion.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of murder in the second degree; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*Hemphill & House,* for appellant.—On question of newly discovered evidence: Clark v. State, 38 Texas Crim. Rep., 30; Lawhorn v. State, 46 Texas Crim. Rep., 555, 81 S. W. Rep., 714.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, and given eight years in the penitentiary.

The first contention in the motion for new trial is that appellant should be awarded such new trial because a material witness in his behalf, to wit: Zedwick Lister, has by force been prevented from attending this trial; that the said witness was duly summoned and did appear on the original date of the trial, but for the failure of the court to reach the case on that date, it was passed upon the following morning when it was found after entering into the trial of the case that the said witness was absent on account of being drunk the night before and being locked up in the city jail and not in a condition to testify. By this witness appellant had expected to prove that he heard the deceased, Baker, threaten to kill the defendant a short while before the cutting occurred. There was no motion to continue or postpone the case on account of the absence of Lister, nor was any process asked to secure his attendance. This matter can not be revised as presented in the motion for new trial,

It is also alleged that since the trial appellant had discovered material testimony unknown to him prior to the trial and attaches the affidavits of witnesses whom he alleges would testify to the newly discovered facts.   The affidavit of George Johnson is to the effect that he was present on the date of the disturbance which ended in the death of the deceased, on the corner of Swiss and Central Avenue; that it was during the Dallas Fair, in October, 1907, but he does not recollect the date; that he knew the deceased but did not know appellant, only as the man ·who stabbed Baker, the deceased; that he was standing on the H. & T. C. Ry. track between seven and eight o'clock in the evening and saw deceased going towards Alf Martin's saloon; that he passed witness going in the direction of Martin's saloon and seemed like he was excited or mad, and that he heard him say, "I am going to kill that son-of-a-bitch;" that witness did not know who deceased had reference to; that he, witness, went into the saloon shortly afterwards and heard Baker say, "you have to pay for my beer," and Evans said, "I have not the money," and · Baker said, "you are a God-damn lie," and made a motion with his right hand and struck Evans on the head; that deceased had a knife in his hand, but he did not know whether he cut appellant or not; that there were several people in the saloon at the time and all seemed drunk and rowdy.   In the affidavit of Williams it is stated that he was present at the saloon of Alf Martin when the disturbance occurred between R. M. Baker and Fred Evans; that he will swear that he heard deceased curse appellant and the statement made by deceased that he was going to kill him if he did not pay for the beer that he was then drinking.   This affiant further swears that appellant did not attempt to pull his knife until after he was cut by the deceased; that he knew deceased but did not know appellant.   He further states that there were several persons in the saloon at the time and there was considerable drinking and that all of them were drunk and that the deceased followed the defendant in the saloon and attacked and cursed him. One of the counsel filed an accompanying affidavit that he did not know of this testimony until after the trial, and that he obtained it through the witness Lister; that he made every available effort before the trial to secure the evidence and did secure all that he could ascertain; that appellant was in jail and a stranger in the city of Dallas, and could not give the names of the parties who were present.   The other counsel for appellant filed no affidavit. This testimony is cumulative of that testified· by appellant's witnesses.   Besides, it shows a want of diligence.   An inquiry of the witnesses who testified in the case to the details of the disturbance and trouble would have shown the presence of the witnesses who filed affidavits, if any were in fact present.   The barkeeper who witnessed the trouble testified in the case for the State, as did Lily Kelly, Eliza Collier and Bettie Douglass.   Appellant is not shown to have

been drunk and was himself present and knew of the presence of the other witnesses, if they were in fact present. While he may not have known the names of the witnesses, he knew of their presence and could easily have had the matter investigated as to who they were. Under the rules prescribed by our Code of Criminal Procedure and the decisions of this court, the diligence was not sufficient. The witnesses, Lily Kelly, Eliza Collier and Bettie Douglass, testified in substance practically the same as is set out in the affidavits of Johnson and Williams.

We do not believe as this case is presented there is any such error as would require a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*

[Rehearing denied March 23, 1909.—Reporter.]