### GEORGE MEADORS v. THE STATE.

No. 7856.   Decided January 30, 1924.

**1.—Selling Intoxicating Liquor, etc.—Final Judgment—Sentence.**

The sentence is the final judgment and no appeal will lie to this court from a conviction for a felony, save where the .death penalty may have been assessed, until after sentence has been pronounced and where the recital of the so-called judgment upon its face is incomplete the appeal must be dismissed.

**2.—Same—Rehearing—Supplemental Transcript—Sentence.**

In the opinion of this court the supplemental transcript does not aid the record on appeal in any way by bringing forward the purported sentence. 'The indictment containing two counts both of which were submitted and a general verdict rendered, there being no formal election by the State but an objection to the submission of a second count, and but one conviction was authorized, and the court failed to instruct the jury to state under which count, if any, they convicted, should have applied the judgment to one or the other of the counts, instead of condemning appellant of being guilty of the offense charged in the indictment, and the phrase "violation of prohibition Laws of the State of Texas" is not an offense known to our law, and the purported sentence is therefore no sentence at all, and this court cannot reinstate the appeal.

Appeal from the District Court of Robertson.   Tried below before the Honorable W. C. Davis.

Appeal from a conviction of unlawful sale of intoxicating liquor and possession thereof for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Henry A. Bush,* for appellant.   Cited: Banks v. State, 246 S. W. Rep., 377; Knott v. State, 247 id., 520; Wimberly v. State, 247 id., 497.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Appellant was convicted upon an indictment containing two counts, one charging the unlawful sale of intoxicating liquor, and one the possession of intoxicating liquor for the purpose of sale, and his punishment assessed at confinement in the penitentiary for one year.

It will be necessary to order a dismissal of this appeal because no final judgment is shown.   The sentence is the 'final judgment and no appeal will lie to this court from a conviction for a felony, save where the death penalty may have been assessed, until after sentence has been pronounced.   See Art. 856, C. C. P., and many cases collated thereunder in Vernon's Crim. Stat., Vol. 2, p. 851; also notes

under the same article in Vernon's Civil & Crim. Stat., 1922 Supplement.

There appears in the transcript and immediately following the judgment a recital that appellant "had been duly and legally convicted of the offense of *violating the prohibition laws* of the State of Texas, and his punishment therefor having been assessed and adjudged at confinement in the penitentiary for one year, and he having, on the 2nd day of February, A. D., 1923, by said Court, been sentenced in due form of law in accordance with said conviction." The foregoing recital is upon its face an incomplete statement and will not suffice for the sentence if, in fact, sentence was ever pronounced.

For the reason stated the appeal must be dismissed, and it is so ordered.

*Dismissed.*

### ON REHEARING.

### April 9, 1924.

HAWKINS, Judge.—At a former day of this term the appeal was dismissed because the record showed no sentence. A supplemental transcript has been filed which includes what purports to be a sentence, and we are now asked to consider the case on its merits. In our opinion the record is not aided in any way by bringing forward the purported sentence.

The indictment contained two counts, one alleging the sale of intoxicating liquor, the other possession thereof for the purpose of sale; both counts were submitted to the jury, and a general verdict of guilty was returned. There was no formal request for an election by the State, but appellant objected to the submission of the second count. It is doubtful if it would have been proper under the facts to have required the State to elect upon which count it would seek a conviction, because the evidence shows only a single transaction. In developing the alleged sale of the liquor the possession thereof for that purpose was of necessity shown. However there could be a conviction of only one offense, and the court having failed to instruct the jury to state under which count, if any, they convicted, should have applied the judgment to one or the other of the counts, the evidence supporting both; instead of this the judgment condemns appellant to be "guilty of the offense charged in the indictment."

The chief difficulty we encounter is in the sentence (?). After formal recitals it reads:

"It is the order of the Court, that the defendant, George Meadors, who has been adjudged to be guilty of violating the prohibition laws of the State of Texas and whose punishment has been assessed by the verdict of the jury at confinement in the penitentiary for one year, be delivered by the sheriff of Robertson County, Texas, immediately to the Superintendent of the Penitentiaries of the State of Texas, or

other person legally authorized to receive such convicts, and the said George Meadors shall be confined in said Penitentiaries for one years, in accordance with the provisions of the law governing the Penitentiaries of said State, and the said George Meadors is remanded to jail until said sheriff can obey the directions of this sentence.''

It will be seen that appellant is sentenced to the penitentiary for one year for ''violating the prohibition laws of the State of Texas.'' There is no such offense known to our laws, and the purported sentence is in fact no sentence at all. This court is given authority under certain circumstances to reform judgments and even sentences, (See Art. 932 C. C. P.; Pearson v. State, 95 Texas Crim. Rep., 257 S. W. Rep., 895; Robinson v. State, 58 Texas Crim. Rep., 550, 126 S. W. Rep., 276), but we know of no right conferred upon us under the guise of reforming a sentence to make an order which would, in effect, be pronouncing the sentence itself.

Believing no jurisdiction to have been conferred upon this court by what now appears in the record as a sentence, and that under the circumstances we have no authority to reform it, the motion to reinstate the appeal is overruled.

*Overruled.*