SAM FANCE v. THE STATE.

No. 12362. Delivered January 9, 1929.
Rehearing denied February 27, 1929.

46

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing a still for manufacturing intoxicating liquor; punishment, two years in the penitentiary.

We find in the record no statement of facts or bills of exception. The judgment and sentence appear to be regular.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It was charged in the indictment that the appellant did unlawfully possess and have in his possession a still, mash and equipment for the purpose of manufacturing spirituous, vinous and malt liquor and intoxicating liquor capable of producing intoxication. In the same form the offense was described in the charge of the court. There was a general verdict finding the appellant guilty and assessing his punishment in the penitentiary for a period of two years. In writing the judgment the offense was described as "possessing a still, mash, etc." The offense was likewise described in the sentence.

It is argued by the appellant that since the sentence failed to describe an offense defined by statute, this court is without jurisdiction other than to dismiss the appeal for want of a final judgment. By Art. 847, C. C. P., 1925, authority is conferred upon this court on appeal to "reform and correct the judgment, as the law and nature of the case may require." The article was formerly 938, in Vernon's Tex. C. C. P., 1916, Vol. 2, p. 900 wherein it is said:

"The Court of Criminal Appeals in a proper case will reform either the judgment or sentence or both so as to make them conform to each other and the verdict."

In support of the proposition many cases are cited. Among them are Burks v. State, 55 S. W. Rep. 826; Laudermilk v. State, 47 Tex. Crim. Rep. 427; Gradington v. State, 155 S. W. Rep. 210. Under the new article in Vernon's Ann. Tex. C. C. P., 1925, Vol. 3, p. 252, note 14, will be found numerous cases to the same effect. It has likewise been held that though the description in the judgment and sentence are insufficient to define the offense, they may, nevertheless, be corrected upon appeal, so as bring them in accord with the verdict and the charge of the court. Cobb v. State, 101 Tex. Crim. Rep. 182; Smiddy v. State, 101 Tex. Crim. Rep. 138; Edge v. State, 101 Tex. Crim. Rep. 324; Brooks v. State, 105 Tex. Crim. Rep. 379; Beebe v. State, 99 Tex. Crim. Rep. 638.

Appellant's counsel refers to the case of Meadors v. State, 260 S. W. Rep. 580, as authority for his contention that this court is impotent to amend the judgment and sentence but its power in the present instance is to dismiss the appeal for want of a final judgement. Between the Meadors case and the instant case there is a marked distinction. In the indictment against Meadors there were two counts: one charging the sale; the other, the possession of intoxicating liquor for the purpose of sale. In the charge of the court both counts were submitted to the jury. No instruction was given to the jury that in the event of a conviction they should designate upon which count they found the accused guilty. There was a general verdict of guilty, without designation of the count upon which the verdict was based. In preparing the judgment the trial court did not apply the verdict to either of the counts, but found the appellant "guilty of the offense charged in the indictment." The record then before it left this court without any data upon which to reform either the judgment or the sentence. It gave no information as to which offense the accused was convicted and he could not under the law be convicted of both. In the present instance there was but one count in the indictment. By the jury the appellant was found guilty of the offense charged in the indictment. Therefore, this court had no difficulty in ascertaining the result of the trial and the offense of which the accused is found guilty.

The judgment and sentence in the present instance will be reformed so that the appellant will be found guilty and sentenced to confinement in the penitentiary for a period of not less than one nor more than two years for the offense of possessing a still, mash and equipment for the manufacture of intoxicating liquor. With such modification, the motion for rehearing will be overruled.

*Overruled.*