### WILLIAM D. SCOTT v. THE STATE.

An appeal will not be dismissed at the instance of the State for the reason that the court below omitted to cause the judgment to be entered at the proper term, but caused it to be entered *nunc pro tunc* at a subsequent term.

It seems that to "harbor" and to "conceal" a runaway slave are distinct offences, and should not be charged in the same count of an indictment.

An indictment for harboring a runaway slave, which does not charge that the defendant knew the slave to be a runaway, is bad—such knowledge being an essential ingredient of the offence, both on general principles and by the provisions of the Penal Code.

APPEAL from Collin. Tried below before the Hon. R. L. Waddill.

The indictment charged that the defendant "did harbor and conceal" a certain negro woman, "being then and there a runaway slave;" but there was no averment that the defendant knew the slave to be a runaway. For this and other reasons, the defendant moved to quash the indictment, which motion was overruled.

There was a trial and conviction at the August Term, 1860, but judgment was not entered until the ensuing term, when, on motion of the district attorney, it was entered *nunc pro tunc.*

Defendant's recognizance for appeal was entered into August 13, 1860, before judgment entered. No assignment of errors appears in the record.

The Attorney-General moved that the appeal be dismissed, "for the reasons that that there is no assignment of errors, and that the recognizance is insufficient."

*Dickson & Easton*, for appellant.

*Attorney-General*, for appellee.

WHEELER, C. J. We are of opinion that the motion to dismiss the appeal ought not to prevail. It has been the constant practice of this court to entertain appeals in criminal as well as in civil

cases, where, as in this case, the court having omitted to cause the entry of the judgment to be made at the proper term, had caused it to be entered *nunc pro tunc* at a subsequent term. Otherwise the right of appeal might be defeated by the failure of the court to correct at the term a clerical omission.

It would seem from the provisions of the Code, (art. 664–665,) that to "harbor" and "conceal" a runaway slave are distinct offences, which should not be included in the same count in the indictment. But duplicity is not assigned as a ground for quashing the indictment. It is objected to the indictment, however, that it does not charge that the defendant knew the slave to be a runaway. This, it would seem, must be deemed an essential ingredient of the offence on general principles, and it is made so by the Code. (Art. 667.) We are of opinion, therefore, that the court erred in overruling the motion to quash the indictment, for which the judgment must be reversed and the cause remanded.

Reversed and remanded.