—— WILCOX *alias* —— NICHOLS v. THE STATE.

Article 734 of the Penal Code reads as follows: "If a house be entered in such manner as that the entry comes within the definition of burglary, and the person guilty of such burglary shall, after so entering, commit theft, or any other offense, he shall be punished for burglary, and also for whatever other offense is so committed." (Paschal's Dig., Art. 2370.) An indictment which stated that the defendant broke and entered, &c., with intent to commit a larceny, is not bad for duplicity.

To charge that the defendant entered the house of one person and stole the goods of another is not bad for duplicity.

It is sufficient to charge that the christian name is unknown. ·

The defendant cannot be heard after arraignment to aver that he is not in-
dicted by his true name. (Paschal's Dig., Art. 2937.)

A motion for a new trial must be disposed of at the term at which it was
made. (Paschal's Dig., Art. 1473, Note 569.)

APPEAL from Galveston.   The case was tried before Hon.
WILLIAM R. FAYLE, judge of the criminal court for Gal-
veston and Harris counties.

As there was no statement of facts or bill of exceptions,
it is only necessary to state that the indictment charged the
defendant with breaking and entering the banking-house
of William B. Sorley, and stealing the goods and money of
R. H. Cuny.   There was no motion to quash or in arrest
of judgment.   The defendant was found guilty, and sen-
tenced to five years' imprisonment, from which judgment
he appealed.

*John R. Conally*, for defendant.

*E. B. Turner, Attorney General*, for the state.

CALDWELL, J.—We have neither bill of exceptions nor
assignment of errors.   There is nothing before this court
on appeal but the sufficiency of the indictment, the evi-
dence, and motion for a new trial.

The indictment charges the defendant with burglariously
entering the banking-house of W. B. Sorley, with the intent
to steal the goods, &c., of said Sorley, and after such bur-
glarious entering did steal, take, &c., of the goods and
chattels of one R. H. Cuny.

It is insisted on, in behalf of the prisoner, that the indict-
ment is bad for duplicity, in that it charges the defendant
with burglary and theft in the same court.   The objection
is not well taken.   It is provided, in article 2370 of Pas-
chal's Digest, that if a house be burglariously entered, the
person thus guilty shall, if he commit theft or any other
offense, be punished for the burglary as well as the theft
or any other offense.

A count .stating that the defendant broke and entered
* *   with intent to commit a larceny, and did commit a
larceny, is not bad for duplicity.   So, when the indictment
alleged that the defendant broke, &c., and entered the
house of one person with the intent to steal his goods, and,
having so entered, stole the goods of another person, there
was no misjoinder.   (Wharton's Criminal Law, 139, and
authorities cited.)

Again, it is objected that the indictment does not give
the christian name of the defendant, though it is averred
that his christian name is unknown.   This objection is
too late after verdict.   Even in a capital case the defendant
could not be heard (after arraignment) in denial of his true
name having been set forth.   (Paschal's Dig., Art. 2937.)

A motion for a new trial must be disposed of at the term
of the court to which it is presented.   The adjournment
of the court without judgment upon the motion for a new
trial disposes of it by operation of law.   This is a peremp-
tory statutory rule, and leaves the court without discretion.
(Paschal's Dig., Art. 1473; McKean v. Ziller, 9 Tex., 58;
Bullock v. Ballew, 9 Tex., 500.)

Upon a careful review of the evidence we are satisfied
that the verdict is well founded.

JUDGMENT AFFIRMED.