## Ex Parte William Beard.

1. Judgment.—When the defendant in a criminal cause has been found guilty by the verdict of a jury, and appeals before an entry of final judgment against him, the District Court may enter final judgment *nunc pro tunc* after a term has intervened since the verdict.

2. Jurisdiction.—Article 3151, Pas. Dig., does not restrict the general powers of the District Court to render the judgment at a later period than the first term after verdict, when it clearly appears that the prosecution has not been abandoned, and a proper case for the exercise of the power is presented.

The relator was indicted for horse stealing at the September term, A. D. 1869, of the District Court of Travis county. He was tried October, 1871, found guilty, and his punishment assessed at fifteen years' confinement in the State penitentiary. His motion for a new trial being overruled, he appealed, and the case was reversed and remanded; but, upon rehearing, it appearing that no final judgment had been rendered, the case was remanded with direction for an entry of judgment *nunc pro tunc.* There was an omission to enter judgment at the next succeeding term of the District Court, and the same was not entered until the June term, 1872. The judgment thus entered was affirmed on appeal, and the relator sentenced to the penitentiary, from which place he applied for and obtained a writ of *habeas corpus*, which was issued on the order of Evans, P. J., on the 30th June, 1873. On the return of the writ, (September 23, 1873,) the relator was

remanded to prison. A motion for rehearing was submitted November 28, 1873, which was continued to the present term.

## On Motion for Rehearing.

*McFadin & Fisher*, for relator, contended—

1st. That since, prior to the first effort to appeal, no final judgment had been rendered, this court acquired no jurisdiction of the case, and could make no order except to dismiss the case from the docket.

2d. That the District Court is limited by the statute to the *term of trial* and the *next succeeding term* in which to render its judgment in criminal cases.

They cited Art. V, sec. 3, of the Constitution; Shannon *v.* The State, 7 Tex., 492; Burrell *v.* The State, 16 Tex., 147; Dooly *v.* The State, 33 Tex., 712; O'Connell *v.* The State, 18 Tex., 343; Nathan *v.* The State, 28 Tex., 326; Pas. Dig., arts. 3147–3151.

No briefs are filed for respondent.

Roberts, Chief Justice.—The applicant claims that he is unlawfully imprisoned in the penitentiary, because the judgment of conviction was rendered during the second term of the District Court, after the trial and verdict against him, and founds his claim upon the Code of Criminal Procedure. (Article 3151, Pas. Dig.) "Where, from any cause whatever, a verdict of conviction has been returned, and there is a failure to enter judgment and pronounce sentence during the term, the judgment may be entered and sentence pronounced at the next succeeding term of the court, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken." It is contended that no appeal had been taken, notwithstanding the transcript had been taken to the Supreme

Court upon notice of appeal by defendant, because the court did not render a judgment upon the verdict at the term the verdict was found, and the case was remanded to the Supreme Court for a judgment *nunc pro tunc* to be entered, which was done, not at the "first term," but at the second term after verdict.

The defendant appealed from the judgment *nunc pro tunc* so rendered. The Supreme Court affirmed it. Thereupon the defendant was sentenced to the penitentiary, and is now confined under said conviction.

Four propositions are thus presented as grounds for discharging the prisoner, now in the penitentiary:

1st. There being no final judgment in the District Court, that court still retained jurisdiction of the case, and the Supreme Court acquired none by the notice of appeal, and the transcript having been sent up and filed in the Supreme Court, and that in legal effect there was no appeal in the case.

2d. That the article of the code above quoted (3151) is restrictive, and not directory, and by it the power of the court to render a judgment *nunc pro tunc* was limited to the term next succeeding that at which the verdict was found.

3d. That the judgment, having been rendered without authority, was null and void, although it had been affirmed on appeal to the Supreme Court after the judgment *nunc pro tunc* was rendered.

4th. The judgment being null and void, the mandate under it is no authority for the persons in charge of the penitentiary to imprison the defendant, and therefore he should be released by this court on *habeas corpus*.

We are of opinion that the court below had a right to render the judgment *nunc pro tunc*, notwithstanding a term of the District Court had intervened between the verdict and judgment so rendered, which had been caused by the effort of the applicant to carry his case to the Su-

preme Court on appeal without a proper judgment having been rendered. The article relied on (Pas. Dig., art. 3151) makes provision for rendering a judgment at the next term after verdict, but it does not restrict the general powers of the court to render a judgment at a later period than the next term, when it clearly appears that the prosecution has not been abandoned and a proper case for it is presented.

The judgment having been properly rendered, and affirmed on appeal, is conclusive, and the applicant is not entitled to the relief sought.

The motion of applicant for rehearing is refused.

MOTION FOR REHEARING REFUSED.