## WILL JONES v. THE STATE.

### No. 2413. Decided January 29, 1902.

**1.—Sentence—Entry of at Subsequent Term.**

A sentence, when not pronounced during the term, may, under the statute, be pronounced at any subsequent term either by simply pronouncing sentence upon defendant, or by proper motion entering the same nunc pro tunc.

**2.—Same—Mandamus.**

A mandamus will not be issued by the Court of Criminal Appeals commanding the clerk of the court below to enter the sentence upon his record where he has failed or omitted to do so.

**3.—Same—Jurisdiction on Appeal.**

In noncapital felonies, the jurisdiction of the court on appeal does not attach unless it be made to appear that sentence was properly passed and entered upon the minutes of the court below.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

No statement required.

*W. W. Ballew,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for forgery, with two years confinement in the penitentiary.

The Assistant ·Attorney-General moves to dismiss the appeal because the record does not contain a final sentence. An examination of the transcript sustains this ·contention. Appellant files a contest, in which he states, as a matter of fact, sentence was passed upon him during the term of court at which he was tried, and that by omission of the clerk it was not entered upon the minutes of the court. He prays that a mandamus issue requiring the clerk to enter now upon his minutes said sentence, and for a certiorari to bring up the completed record. The · statute provides, that where sentence is not pronounced during the term it may be at any subsequent term of the court. There are two methods by which this sentence may hereafter be entered; one, by simply pronouncing sentence upon defendant, or by proper motion, entering the same nunc pro tunc. A mandamus will not issue from this court commanding the clerk of the court below to enter upon the record the sentence. However, this does not militate against the right of an accused, when sentence is properly entered to prosecute this appeal. Under our law, this court in noncapital felonies is without authority to try appeals until the sentence has been properly passed and entered upon the minutes of the court below, and unless this authority appears to this court, our jurisdiction does not attach. As the matter is presented, the motion of the Assistant Attorney-General is well taken and the appeal is dismissed.

*Appeal dismissed.*