Owen Hinman v. The State.

No. 4050.    Decided October 28, 1908.

**Seduction—Jurisdiction—Sentence—Practice on Appeal.**

Where upon conviction of defendant for the offense of seduction. a motion for new trial was filed and overruled, and thereupon notice of appeal given to the Court of Criminal Appeals, before sentnce was pronounced, the District Court had no jurisdiction to pass sentence upon appellant at a subsequent term of said court, and the appeal will be dismissed for the want of a legal sentence in the record, with instructions that the trial court enter proper sentence.

Appeal from the District Court of Eastland.    Tried below before the Hon. J. H. Calhoun.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Brelsford,* for appellant.

*F. J. McCord,* Assistant Attorney-General for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted at the August Term, 1907, of the offense of seduction. Motion for a new trial was overruled and notice of appeal was given. On account of the sickness of the judge or for some cause, sentence was not pronounced at that term of the court. Sentence was, however, at the following January Term, passed upon appellant. Under this state of the case, the question is, had the court the legal authority to pass sentence when he did. Under our statute and decisions this question must be answered in the negative.

Article 837 Criminal Code Procedure reads as follows: "Where, from any cause whatever, there is a failure to enter judgment and pronounce sentence upon conviction during the term, the judgment may be entered and sentence pronounced at any succeeding term of the court, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken." Article 884, Criminal Code Procedure, provides: "The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the appellate court is received by the court from which the appeal is taken; provided, that in cases where, after notice of appeal has been given, the record or any portion thereof is lost or destroyed, it may be substituted in the lower court, if said court be then in session, and when so substituted the transcript may be prepared and sent up as in other cases. In case the court from which the appeal was taken be not then in session, the Court of Appeals shall postpone the consideration of such appeal until the next term of said court from which

said appeal was taken, and the said record shall be substituted at said term, as in other cases." This latter article has been construed in many decisions. These decisions hold that prior to the adoption of the above article, in cases where an appeal had been taken, the rule was that the appeal suspended all proceedings in the trial court, and it had no authority to amend or substitute the record. Since the enactment of the latter article, however, it has been held to mean that after notice of appeal has been given, and pending appeal to this court, the court in which the conviction occurred can take no further steps with reference to the case until this court has finally disposed of such appeal, except where some portion of the record has been lost or destroyed after the notice of appeal, in which case the lost or destroyed portion may be substituted. Going back to article 837, supra, it has been held that where motion for new trial has been overruled, and notice of appeal given, but no entry of final judgment, a judgment subsequently entered nunc pro tunc is without authority and void. Estes v. State, 38 Texas Crim. Rep., 506. And such seems to be the holding and ruling in this State. A sentence under our procedure is the final judgment and without that an appeal can not be consummated. When the August Term of the court adjourned all power of the district judge over it ceased, except to substitute lost or destroyed records as provided in article 884, supra. That court could in no manner mend the record or add to it otherwise than stated. It was without power, pending the appeal to this court, to sentence, or to enter a judgment on the verdict even. The notice of appeal had attached the jurisdiction of this court, had ousted the jurisdiction of the trial court, and until this court has passed upon the appeal, the trial court is without authority to enter a judgment or sentence. It is true, legally speaking, that this court, without a sentence, would dismiss the appeal, but this court passes upon its jurisdiction and not the trial court, and, as the statutes quoted have provided that the trial court is powerless under the circumstances to enter any judgments, make any orders or decrees, any act of said court would be without authority.

Finding the record in this condition and no legal sentence in the record, it is the duty of this court to dismiss this appeal with instructions to the trial court to enter a proper sentence at its next term of court. The appeal is, therefore, dismissed.

*Dismissed.*

Ramsey, Judge, absent.