## JIM ROBINSON v. THE STATE.

### No. 3996.   Decided November 18, 1908.

**1.—Forgery—Practice on Appeal—Sentence.**

Under the statute the Court of Criminal Appeals would not be authorized to affirm or reverse a judgment, except in capital cases, without sentence having been passed upon appellant.

**2.—Same—Practice in District Court.**

Where upon appeal from a conviction of forgery the case was affirmed, and it was subsequently discovered that there had not been a sentence in the court below, which was passed upon defendant in said trial court at a subsequent term, there was no error; and the defendant could not complain as the case should have been dismissed on appeal.

**3.—Same—Practice on Appeal—Second Appeal.**

Where upon appeal after conviction for forgery no sentence had been passed in the court below, and the Appellate Court erroneously affirmed the case instead of dismissing same; but after sentence had been passed at a subsequent term of the trial court and the case was again appealed, and there being no error requiring a reversal on second appeal, the case is affirmed and the former opinion of the court adopted, there was no error.

Appeal from the District Court of Brazos.   Tried below before the Hon. J. C. Scott.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—During the Tyler term, 1907, the judgment in this case was affirmed. The mandate was issued on the 29th of November, 1907. It was subsequently discovered that there had not been a sentence. At the next term of the District Court of Brazos County, this was called to the attention of the court and appellant was sentenced.

There are several contentions by appellant that this could not be done. The judgment had been affirmed by this court. It was not discovered or noticed on the former appeal that sentence had not been included in the transcript of the record and the judgment was affirmed. Had the want of sentence been called to the attention of the court or if it had been discovered, the appeal would have been dismissed for

want of sentence. An inspection of the record on the former appeal discloses that the index shows that the sentence had been entered. No point having been made at the time in regard to the matter, it was not noticed. However, inasmuch as the jurisdiction of the court had not attached on former appeal, that affirmance is not legal. Under this state of case appellant could not complain. As we understand our statutes this court would not be authorized to affirm or reverse a judgment except in death penalties without the sentence having been passed upon appellant. We are, therefore, of opinion that the trial court was correct under our statute in passing the sentence at the subsequent term. The statute expressly authorizes this character of proceeding where sentence has for any reason not been pronounced at the term of conviction.

So far as the merits of the case are concerned and the questions involved, we are of opinion that, as stated in the former opinion, there are no errors requiring a reversal of the judgment and adopt now what we said in the former opinion and order that the judgment be affirmed.

*Affirmed.*