## Ex Parte W. M. Andrus.

### No. 2318.   Decided January 22, 1913.

### Rehearing denied February 19, 1913.

**1.—Habeas Corpus—Jurisdiction—Practice on Appeal.**

It is necessary under the statute that a trial for bail, after indictment found be heard in the county where the homicide occured and where the indictment is found; and where a district judge had granted a writ of habeas corpus in a case in which there was a change of venue, the writ is returnable to the county in which the indictment was found. But an original application to this Court will be heard.

**2.—Same—Denial of Bail.**

Where the proof is evident in a capital case, the relator is not entitled to bail.

Appeal from the District Court of Fayette.   Tried below before the Hon. Frank Roberts.

Appeal from a habeas corpus proceedings denying relator bail which was dismissed for want of jurisdiction, and relator heard on original application to this court.

The opinion states the case.

*Lane, Wolters & Storey* and *Jno. C. Williams & Henry Kahn,* for relator.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Applicant was indicted by the grand jury of Fort Bend County, charged with murder.   The venue of the case

was changed to Harris County, when applicant applied to the district judge of Fort Bend County for a writ of habeas corpus, wherein he prayed that he be granted bail. The Hon. Wells Thompson, judge of the District Court of Fort Bend County, declined to grant the writ. It being made to appear that the judge elect of that court was disqualified, having been of counsel for the State in this case, application was made to Hon. Frank S. Roberts, judge of the District Court of Fayette County, who granted the writ as prayed for and made it returnable to Fayette County.

When the cause came on for trial, the State, by her district attorney filed a plea to the jurisdiction of the District Court of Fayette County to hear and determine the matter, and this plea must be sustained. In Ex parte Overcash, 61 Texas Crim. Rep., 67, this question is discussed, and the statute and decisions of this court are quoted.

However, relator filed an application in this court asking that in the event we should hold that the District Court of Fayette County had no jurisdiction in the premises, that inasmuch as the district judge of Fort Bend County is disqualified, this court grant the writ and hear and determine same. Under our Constitution and laws relator is entitled to have the writ granted and a hearing had, and as the district judge of Fort Bend County is disqualified, we have concluded to do so. It further appearing from the record that counsel for relator and the State have waived the issuance of the writ, and agreed that the case might be heard on the agreed statement of facts now on file, we have carefully read same, and are of the opinion, under the evidence before us, the relator is not entitled to bail, and he is remanded to the custody of the sheriff of Harris County.

*Bail refused.*

[Rehearing denied February 19, 1913.—Reporter.]