## JEORGE RIOS v. THE STATE.

### No. 3954. Decided February 16, 1916.

#### 1.—Murder—Notice of Appeal—Judgment—Nunc Pro Tunc.

In the absence of notice of appeal properly entered in the minutes of the court, and an incorrect entry of the judgment which was attempted to be amended in vacation, the appeal must be dismissed; however, it being made to appear that the clerk made the mistake and the proper judgment being entered nunc pro tunc at a succeeding term of court, and notice of appeal being given therefrom, this court has jurisdiction. Following Madison v. State, 17 Texas Crim. App., 479, and other cases.

#### 2.—Same—Name of the Defendant—Indictment—Two Days—Arraignment.

Where defendant filed a written motion suggesting his true name and a correct order was entered noting the true name of defendant, there was no error in refusing to abate the indictment, and it was not necessary to postpone the case for another two days; the indictment having been served on the defendant more than two days before his arraignment. Following Sinclair v. State, 34 Texas Crim. Rep., 453.

**3.—Same—Written Statement of Defendant—Warning—Confession.**

Where the defendant made a voluntary statement at the examining trial under articles 294, 295, Code Criminal Procedure, the same was not an extra-judicial confession under article 810, Code Criminal Procedure, and it could be shown by oral testimony that all requirements of the statute had been complied with in taking these statements. Following Guy v. State, 9 Texas Crim. App., 161.

**4.—Same—Voluntary Statement—Spanish Language—Translation.**

Where it did not appear in the record that the voluntary statement of defendant at the examining trial was made in the Spanish language, and translated into English, the contention that it was so made can not be reviewed on appeal.

Appeal from the District Court of Patricio. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*John A. Jones* and *A. L. Neal,* for appellant.—On question of correcting the judgment: Offield v. State, 61 Texas Crim. Rep., 585; Offield v. State, 61 Texas Crim. Rep., 340, 135 S. W. Rep., 568; Estes v. State, 38 Texas Crim. Rep., 506; Rios v. State, 174 S. W. Rep., 1050; Tucker v. State, 62 Texas Crim. Rep., 46, 136 S. W. Rep., 258.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder and the death penalty assessed against him.

On the former appeal in this case, reported in 76 Texas Crim. Rep., 364, 174 S. W. Rep., 1050, the appeal was dismissed because the notice of appeal was not entered in the minutes at the term of court at which appellant was tried. The opinion also shows that the judgment entry was incorrect, and the court had, in vacation, entered an order correcting the judgment entry. The court held that this could not be done in vacation.

After the case was dismissed the State, by its district attorney, at the next term of the District Court of San Patricio County, had appellant and his counsel served with notice of an application to correct the errors in the judgment entry, it being made to appear the clerk by mistake had inserted the name Clarence Lenier where appellant's name, Jeorge Rios, should appear and was intended to appear. Appellant insists that the court was without authority, even at the next term, to make this correction, and cites us to the case of Estes v. Sate, 38 Texas Crim. Rep., 506, wherein it was held that under the law as it then existed the trial court had no authority to enter a judgment nunc pro tunc while the case was pending before this court on appeal, but in that case nor in any other case has it ever been held, after the appeal has been dismissed by this court, that the trial court, in term time, would not have authority to amend its judgments or enter a proper judgment when there had been no judgment entered. On the contrary,

it has been uniformly held that the trial court had authority, after the appeal had been dismissed by this court, to enter a proper judgment in the case upon notice to the opposite party. Article 859 of the Code of Criminal Procedure provides that where from any cause whatever there is a failure to enter judgment during the term, the judgment may be entered at any succeeding term of the court. (Madison v. State, 17 Texas Crim. App., 479; Mapes v. State, 13 Texas Crim. App., 85; Vestal v. State, 3 Texas Crim. App., 648.) As said in the Madison case, supra: "Under this provision it has been held that if an appeal has been taken, but no final judgment was entered, and the appeal is dismissed, it is the proper practice to cause final judgment to be entered at a subsequent term in the court *a quo nunc pro tunc,* and that from this judgment the defendant may again prosecute appeal," citing Smith v. State, 1 Texas Crim. App., 408, and other cases. The court acted properly in permitting a correct judgment to be entered, in term time, after appellant had been served with notice that proper application had been filed asking that such entry be made, and from this judgment entry he had the right then and there to give notice of appeal to this court, and as the record discloses such notice was given, the jurisdiction of this court has attached and we will pass on the merits of the case.

The indictment in this case charged appellant's name to be Jeorge Reyes. When the case was called for trial appellant filed a written motion suggesting that his true name was Jeorge Rios, and prayed the court to abate the indictment. When this plea was filed the court refused to abate the indictment, but correctly ordered that the proper notation be made upon the minutes of the court and the indictment corrected by inserting the name of defendant as suggested in the motion. Art. 560, C. C. P.; Sinclair v. State, 34 Texas Crim. Rep., 453. The indictment having been served on defendant more than two days before his arraignment, it was not necessary to postpone the case for another two days when he suggested his right name to the court.

The only other bill of exceptions in the record complains the court erred in admitting the written statement of defendant, made by him at the time of the holding of the examining trial. The objections urged to said statement were: (1) That the statement did not show that defendant had been warned he did not have to make any statement; (2) that the statement did not show he was told if he made any statement that it could be used in evidence against him on the trial of the offense; (3) that said statement was signed by his mark, and that the law requires that the statement be signed by some other person than a peace officer; and (4) that the person taking said statement was not sworn to act as interpreter as the law directs.

The first three objections would be good if the statement had been an extrajudicial confession. But the statement was not what is termed in law a confession, but a voluntary statement made by accused in court at the examining trial. Article 810, C. C. P., governs the taking of confessions out of court, but this article specifically provides it shall have no application "to a voluntary statement of an accused, taken

before an examining court in accordance with law." Therefore, we are relegated to articles 294 and 295 of the Code of Criminal Procedure for the rules governing the taking of a voluntary statement at the time of holding an examining trial. Mr. S. J. Lewis testified he was a justice of the peace, and held the examining trial of appellant; that he informed appellant of his right to make a statement, and that if he made one it must be voluntarily made, and that if he made it it could be used in evidence against him on the trial of the case of which he was then charged; that after having so warned appellant, appellant made a statement and he reduced it to writing, and after reducing it to writing he read it over to appellant and appellant signed it in his presence. These two articles of the statute were construed by this court in the case of Guy v. State, 9 Texas Crim. App., 161, in a well considered opinion written by Judge White, and it was held that it was not necessary that the statement on its face show that appellant had been warned, but this might be orally shown, as well as the fact that all requirements of the statute had been complied with in taking the statement. The rule announced in that case has always been followed in this court, and is a correct construction of articles 294 and 295. If the written statement had been a confession taken out of court, the first three objections might be tenable.

As to the fourth objection, there is nothing in the statement as introduced, nor in the bill of exceptions, except the objection made to show that the statement was made by appellant in the Spanish language, and by the justice of the peace translated into English. In so far as this bill of exceptions discloses, appellant may have made the statement in the English language. If in fact appellant made the statement in the Spanish language, and it was translated by the justice of the peace into English, and then reduced to writing, the bill of exceptions should disclose that fact. But if that be the case, as contended by appellant in his brief, certainly this fact should appear in the bill of exceptions or somewhere in the record. We might conjecture that appellant made the statement in the Spanish language by reason of the fact that the record discloses he is a Mexican, and that on the trial of the case he testified through an interpreter, but we can not resort to conjectures in aid of the allegations of a bill of exceptions. In so far as the bill is concerned, it shows that appellant made the statement, speaking the English language. The confession is in the English language, signed by appellant, and there is nothing to show that it was made in Spanish and translated by the justice of the peace into English. When the justice of the peace was testifying he was asked no such question, and such an issue does not appear to have been made on the trial of the case, nor was there any evidence offered that the statement was made by appellant in the Spanish language

No other question is raised in a way we are authorized to review it, and the judgment is affirmed.

*Affirmed.*