# JANUARY, 1925.

---

### Will Williams v. The State.

No. 8953.   Delivered January 28, 1925.

Rehearing denied February 25, 1925.

**1.—Transporting Intoxicating Liquor—Motion for New Trial—Verification Necessary.**

Where a motion for a new trial is presented, on the grounds that appellant was denied the right of counsel, and also complaining of the manner of selecting the jury, such motion should be verified by affidavit of appellant.

**2.—Same—Motion for New Trial—When Acted Upon.**

A motion for a new trial must be acted upon at the term at which same is filed, or same will be overruled by operation of law at the expiration of the term.

**3.—Same—Motion for New Trial—Subsequent Term—No Jurisdiction.**

A motion for a new trial should be disposed of before the adjournment of the term at which it is filed, and where court adjourns without passing on it, it is overruled by operation of law, and an order overruling such motion at a subsequent term of court is without legal effect, and notice of appeal given upon such order, confers no jurisdiction upon this court, and the appeal will be dismissed.

ON REHEARING.

**4.—Same—Notice of Appeal—After Sentence.**

The trial court has jurisdiction to pronounce sentence at a subsequent term to that at which the conviction occurred, [Art. 859, C. C. P. Robinson v. State, 54 Tex. Crim. Rep. 559; Jones v. State, 43 Crim. Rep. 419], and notice of appeal can be given when sentence is passed, and jurisdiction is conferred thereby on this court.

**5.—Same—Motion for New Trial—Supporting Evidence—Insufficient.**

The statement of facts in support of appellant's motion for a new trial, warranted the finding of the court against appellant upon the issues presented in said motion, and the cause, reinstated, is affirmed.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

*James E. Yeager,* of Waco, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor. Punishment is three years in the penitentiary.

There is no merit in the motion in arrest of judgment attacking the indictment because it did not allege that the transportation of the liquor was for the purpose of sale. It is not required that the indictment contain such averment.

The conviction occurred on the 30th day of April. On the 2d day of May a motion for new trial was filed in which it was averred that appellant was denied the right of counsel, and also complaining of the manner of selecting the jury. The motion was not verified by affidavit. It appears never to have been called to the judge's attention and no order was made thereon during the term of court which adjourned on May 3d. On May 22, at a subsequent term of court, appellant called the motion up and presented evidence thereon which is before us by statement of facts. In passing on the motion at that time the judge recited in his order that he was of opinion that the court had no right to then pass upon the motion,

but that same was overruled by operation of law when the former term of court adjourned, but desiring to give appellant any right he might have in the matter entered an order overruling the motion on said 22d day of May. It was then for the first time appellant gave notice of appeal to this court, which was nineteen days after adjournment of the term during which he was convicted.

The motion should have been disposed of before the adjournment of the term at which it was filed, and when court adjourned without order upon it it was overruled by operation of law. The order overruling it at a subsequent term is without legal effect. Art. 2025 Vernon-Sayles Civ. Statutes, Art. 839, C. P. P.; Wilcox v. State, 31 Texas 586; White v. Day, 230 S. W. 843 and authorities there collated.

We had examined the statement of facts before observing that the order overruling the motion was made at a subsequent term of the trial court. The grounds stated in the motion were not sustained by the evidence produced, and if the court could legally have acted on it there would have been no error.

No jurisdiction was conferred upon this court by the notice of appeal entered at a subsequent term when the motion for new trial could not be acted upon, hence the appeal is ordered dismissed.

*Dismissed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Our attention is called to a matter we overlooked in ordering a dismissal of the appeal. The sentence was not passed upon, appellant until a subsequent term of court to that at which conviction occurred. The court could properly pronounce sentence at such subsequent term, (Art. 859, C. C. P.—Robinson v. State, 54 Texas Crim. Rep. 559; Jones v. State, 43 Texas Crim. Rep. 419) but until this was done the judgment did not become final and no appeal could be maintained until the judgment did become final, hence we were in error in dismissing the appeal, and the same will be reinstated.

As stated in our former opinion we had examined the statement of facts bringing forward the evidence heard on the motion for new trial. We have examined it again. The court was warranted in finding against appellant upon the issues presented in the motion. No abuse of his discretion appears.

The judgment is affirmed.

*Affirmed.*