GEORGE MEADORS v. THE STATE.

No. 8935.   Delivered May 20, 1925.

Rehearing Denied October 14, 1925.

1.—Selling Intoxicating Liquor—Verdict—General—Held Proper.

Where on a trial for selling intoxicating liquor, and for possessing intoxicating liquors, for purpose of sale, contained in two counts of the indictment both of which are submitted to the jury and a general verdict of guilty returned, and one punishment affixed, such verdict is good, and this court has repeatedly so held.   Following Coursey v. State, 97 Tex. Crim. Rep., 47; Rambo v. State, 258 S. W. 827.

2.—Same—Jury—Prejudiced Juror—Rule Stated.

It is the well settled rule in this state that when it is sought to be shown, on the hearing of a motion for a new trial, that a juror, before the trial had expressed an opinion of defendant's guilt, or had made statements showing prejudice against the defendant, the decision of the trial court on that issue will be sustained by the appellate court, unless clearly wrong, if the evidence bearing thereon was conflicting and was sufficient if believed, to justify the action of the court.   Branch's Ann. P. C. Sec. 569, page 288, citing Magee v. State, 14 Tex. Crim. App. 377 and many other cases.

3.—Same—Judgment and Sentence—Entered Nunc pro tunc—Held Proper.

Where judgment and sentence was not entered at the term of the court at which the trial was had, the court may at a future term, enter the judgment and sentence, nunc pro tunc, and from such judgment and sentence an appeal will lie to this court, Art. 859 C. C. P.   Following Rice v. State, 183 S. W. Rep. 152; Bennett v. State, 194 S. W. 148.

ON REHEARING.

4.—Same—Verdict—Under Two Counts—Sustained.

Appellant urges in his motion for rehearing that we are in error in our original opinion in holding that a general verdict should be sustained, where two counts, charging different offenses are submitted in the charge.   We cannot agree to his contention.   See opinion on rehearing for discussion and citation to numerous authorities sustaining our original opinion.

Appeal from the District Court of Robertson County.   Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction for selling intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Henry A. Bush,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was charged by indictment in the district court of Robertson County in two counts, the first unlawfully selling intoxicating liquor to William Henderson, and the second with unlawfully possessing intoxicating liquor for the purpose of sale, and was convicted and his punishment assessed at one year in the penitentiary.

The court charged the jury on both counts of the indictment and the jury returned a verdict as follows: "We the jury find the defendant guilty and assess his punishment at one year's confinement in the state penitentiary." Upon this verdict, the court entered judgment and sentenced the defendant on the count charging unlawful possession for the purpose of sale.

The appellant raises many questions of complaint to the action of the trial court in this case, as set out in bills of exception one to ten inclusive. We have carefully examined said bills as presented and the complaints made therein, and we find no errors in the most of same, and for that reason will only discuss such bills as we think demand the attention of this court.

Bill No. 10 raises the question as to the action of the court in refusing a new trial, and the alleged misconduct of one of the jurors, wherein it is alleged that said juror had expressed himself to the effect that the defendant was guilty before he was selected as a juror in this case, and in discussing a former trial which resulted in a hung jury. This issue was heard before the trial judge on motion for a new trial and said juror positively denied having made any such statements to the defendant's witness and said witness for the defendant, to whom the statements were alleged to have been made, in testifying before the court, was not so positive that said juror made the statements, but in effect testified that was his best recollection of what he stated. The learned trial judge heard the testimony adduced both by said juror and said witness, which covered all the testimony on this phase of the case, and ruled against the contention of the appellant. When there is a controversy raised as to this character and kind on motion for a new trial, and the trial court hears the testimony, his decision is not reversible under such circumstances, and is only reversible when the testimony is all one way or when the decision is clearly wrong. In Branch's Ann. P. C., Sect. 569, page 288, it is stated "when it is sought to show, on the hearing of a motion for a new trial, that a juror before the trial had expressed an opinion of defendant's guilt, or had

made statements which showed a prejudice against defendant, the decision of the trial court on that issue will be sustained by the appellate court, unless clearly wrong, if the evidence bearing thereon was conflicting, and was sufficient if believed to justify the action of the trial judge." Citing Magee v. State, 14 Tex. Crim. Rep. 377; Shaw v. State, 32 Tex. Crim. Rep. 152, (22 S. W. 588) and many other cases.

Bill No. 11 complains of the action of the trial court in applying the general verdict of the jury to the count in the indictment charging unlawful possession of whiskey. This court has repeatedly held against appellant on this contention. Coursey v. State, 97 Tex. Cr. Rep. 47. Rambo v. State, 258 S. W. 827.

Bill No. 13 complains of the action of the trial court in entering judgment and sentence nunc pro tunc at a subsequent term of the court. This case on a former appeal was dismissed on Jan. 30, 1924, by this court, on account of the record being insufficient to show final judgment or that proper sentence was ever passed on the defendant. Meador v. State, 260 S. W. 580. And it appears from the record of the trial court on this appeal that the trial court in keeping with said opinion of dismissal entered the judgment nunc pro tunc from which the present appeal is taken and to the action of the trial court in entering such judgment nunc pro tunc, the appellant complains and contends that said court was without authority to enter same. This contention we think is without merit. Art. 859, code of criminal procedure authorizes such action and this court in the cases of Rios v. State, 183 S. W. 152; Bennett v. State, 194 S. W. 148, held that said actions of the trial court in such matters were proper.

We are of the opinion that the record in this case discloses that appellant has had a fair and impartial trial and the judgment of the trial court is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The indictment charged the sale of intoxicating liquor to William Henderson, and also charged the possession of intoxicating liquor for the purpose of sale. There was evidence supporting both averments. It is the appellant's contention that there being but one transaction, the court should have submitted but one of the counts. We understand the rule to be as stated by Mr. Branch in his Ann. Tex. P. C., Sec. 444 as follows:

"If different counts charging the same character of offense are inserted in the indictment to prevent a variance and there is evi-

dence supporting each, the State is not required to elect between such counts."

"If only one transaction or act is charged and different counts are contained in the indictment to meet the possible phases that the testimony may assume, the State will not be required to elect between such counts."

These propositions are supported by numerous authorities collated by Mr. Branch. This principle was announced in the early case of Gonzales v. State, 12 Texas Crim. App. 663, and has since been followed without departure. See Hooper v. State, 94 Texas Crim. Rep. 279. It would have been appropriate for the court to tell the jury that in the event of a conviction they should designate the count upon which they found against the accused. There being evidence, however, in support of both counts, and the penalty assessed being the lowest, the failure to give such an instruction would not be reversible error.. Hooper v. State, supra. The position taken by the appellant that there was not evidence supporting the second count is not tenable. It is conceived that the appellant's action in selling and delivering the whiskey to Henderson was a transaction upon which he might have been convicted for the possession of whisky for the purpose of sale. See Smith v. State, 90 Texas Crim. Rep. 274. · If there was but one transaction, it is possible that there might have been but one conviction, but the fact that he sold the whisky which he possessed for sale did not render him less guilty of the possession for the purpose of sale. Coulter v. State, 94 Texas Crim. Rep., 96.

The motion is overruled.

*Overruled.*