## JAMES CLEVELAND V. THE STATE.

No. 17695.   Delivered May 22, 1935.

The opinion states the case.

*Wm. F. Jackson,* of Hempstead, and *John S. Simmang,* of Giddings, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, two years in the penitentiary.

This case was tried and a verdict of guilty returned on October 20, 1930, and thereafter motion for new trial was overruled, notice of appeal given, and a recognizance entered into, but the transcript did not reach the office of the clerk of this court until May 1, 1935, nearly five years after trial. The present clerk of the district court of Lee county, certifies that he is not responsible for the delay, as he was not clerk in 1930, and not connected with the office at that time. We have no means of knowing why the transcript did not sooner reach this court. It is certified by the clerk who prepared the transcript, that the man who was district clerk at the time of the trial in 1930 died between that date and the first of January following. He may have been ill during the term of the trial court, but a duty would devolve upon his successor to have prepared and forwarded the transcript.

However, the transcript before us contains neither sentence nor judgment. The clerk who prepared said transcript shortly before same was filed in the office of our clerk, certifies that he can not find either of record. In such condition this court has no other choice but to dismiss the appeal. We have uni-

formly held it our duty to so do in the absence of a final judgment and a sentence. See Thompkins v. State, 87 Texas Crim. Rep., 502; Carlile v. State, 97 Texas Crim. Rep., 477.

Article 772, C. C. P., provides that judgment and sentence may be entered at subsequent terms by proper notice to the accused, and such course may be followed here. See Madison v. State, 17 Texas App., 479; Mapes v. State, 13 Texas App., 85; Rios v. State, 79 Texas Crim. Rep., 89; Williams v. State, 99 Texas Crim. Rep., 356; Hinman v. State, 54 Texas Crim. Rep., 434; Meadors v. State, 101 Texas Crim. Rep., 336.

The appeal is dismissed.

*Dismissed.*

MORROW, P. J., absent.