EX PARTE J. A. PATTERSON.

No. 20996. Delivered May 1, 1940.
Rehearing Denied June 19, 1940.

The opinion states the case.

G. C. Harris, of Greenville, for appellant.

Gerald Mann, Attorney General of Texas, Cecil C. Rotsch, Assistant Attorney General, Reginald Bracewell, District Attorney, of Huntsville, and Lloyd W. Davidson, State's Attorney, of Austin for the State.

GRAVES, Judge.

Relator was convicted in 1934 in causes Nos. 9430, 9431 and 9432 in the District Court of Walker County of the offenses of aiding prisoner to escape, and, waiving a jury, was tried before the court on a plea of guilty in each instance and sentenced in each case to serve five years in the penitentiary. There is shown by uncontradicted testimony that the relator's sentences in causes Nos. 9431 and 9432 were made cumulative by the court in orally sentencing relator, and that he was informed by the trial court that he was to be sentenced to a total term of fifteen years in the penitentiary. The district clerk was thus directed to prepare the minutes in these causes. At the same time the district attorney prepared and had the clerk sign the commitment or mittimus to the prison authorities, setting forth the confinement of relator in causes Nos. 9431 and 9432 as cumulative of cause 9430. The district clerk,—who was serving her first term, and also in attendance upon her first term of court, although directed by the court to enter in the minutes these last two sentences as cumulative of the first,—failed to so record the same in the minutes of the court. Sometime thereafter, and about the time that relator had served the time set forth in his sentence in cause No. 9430, the first cause, it was discovered that the minutes of the court in the two last causes had failed to show the cumulation of these sentences, and upon the hearing of a writ of habeas corpus before Judge H. F. Kirby, in another and different district from the one which included Walker County, the relator was

ordered discharged from prison custody. In the meantime the State had filed and there was pending in the Walker County District Court a motion nunc pro tunc seeking to correct the court's minutes in causes Nos. 9431 and 9432 in order that they might speak the truth and reflect the actual sentence pronounced upon relator at the time of his conviction. A notice of the filing of this motion was served upon relator, but for some reason same was not heard immediately, but at its eventual hearing relator was not present, but was represented by counsel; testimony was heard, and the record was there corrected so as to make it speak the truth relative to such sentences. This the court had a right to do under the doctrine laid down in the late case of Ex parte Mattox, 129 S. W. (2d) 641. In that case the judgment and sentence evidenced the fact that the relator Mattox had entered a plea of guilty before the court in a capital case, which could not be done under the statute. The true facts, however, showed that the count charging the capital offense in the indictment had been dismissed, and the conviction was had upon the felony less than capital. Upon proper application, the minutes of the court reflecting the sentence were corrected now for then, and made to speak the truth. They were made to show that the conviction and sentence were for the felony less than capital. As to the power of the court to correct its judgment and sentence we therein said: "As to the power of the District Court of Orange County in the premises we entertain no doubt. The holding of this court in Bennett v. State, 80 Tex. Cr. R. 652, 194 S. W. 145, 148, 150, seems decisive on the point at issue. We quote from the opinion as follows: 'According to the entry in the court's minutes of December 30, 1916, the judgment rendered on the 22d of April, 1916, was not entered of record. It is true that at that time the deputy clerk wrote upon the minutes what purported to be the judgment of the court, but the court on December 30, 1916, judicially determined that the judgment so entered did not speak the truth, and, to the end that the proper judgment might be entered of record, he directed the entry of the true judgment of the court at that time. It was the court's duty to enter in the minutes of the court a true record of the judgment rendered. 2 Vernon's Crim. Statutes, art. 853 (Vernon's Ann. C. C. P. art. 766). Failing to make such record at that time, article 2015, Vernon's Civil Statutes (Vernon's Ann. Civ. St. art. 2228), gave the court authority to amend the record according to the truth. This authority existed by the inherent power to so correct its minutes at a subsequent term. Burnett. v. State, 14 Tex. 455, 65 Am. Dec. 131;

Rhodes v. State, 29 Tex. 188; Ximenes v. Ximenes, 43 Tex. 458; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Michie's Civil Digest, vol. 11, p. 106, and cases cited in Cyc, vol. 11, p. 764; authorities cited in note, Wardell v. Williams, 62 Mich. 50, 28 N. W. 796, 4 Am. St. Rep. 820; Chester v. Graves, 159 Ky. 244, 166 S. W. 998, Ann. Cas. 1915D, 678, and note, page 681, citing numerous cases from various jurisdictions.' "

Also see Rios v. State, 79 Tex. Cr. R. 89, 183 S. W. 151; Cleveland v. State, 128 Tex. Cr. R. 552, 82 S. W. (2d) 974; Rehm v. State, 97 S. W. (2d) 956; Art. 772, C. C. P.; 12 Tex. Jur., p. 713, from which we quote: "The act applies and permits the entry of a nunc pro tunc judgment in cases where the judgment as originally entered does not in fact express the judgment rendered, and where the clerk has made a mistake in entering a sentence in the minutes."

It seems that the basis of all such powers is that the orders or minutes thereof may be made to speak the truth relative to the occurrences about which the minutes purport to speak; there can not be a correction of what should have been done, but can only be a correction to make the minutes show what was actually done at the time.

Again, however, it is said by relator that he was not present at the hearing of the motion to correct such minutes, and therefore such proceeding was a nullity under the doctrine that in all felony cases the accused must be personally present at each and every proceeding in the case. It is shown by the record that relator had been properly served with notice of the State's attorney to have these allegedly incorrect minutes corrected so that they speak the truth, and it is further shown that relator was at large at such time, neither under bond nor in custody, and so remained for a term of about seven months. We think he was entitled to a notice of the filing of such proceedings, and that he had a right to be present, if he so desired, at the hearing and contest the same, but we do not think his presence at the hearing was necessary to any greater degree than was his presence at the entering of the original minutes desired to be corrected. It can not be contended that it was necessary that relator should have been actually present at the time such minutes were entered by the clerk, nor signed by the trial court. If such should be held necessary, then an accused by voluntarily absenting himself could preclude the entry of such minutes for any length of time. It is shown that the relator was absent from Huntsville, the county seat of Walker County, on his own voli-

tion,—although he had notice of the pending of the motion to correct such minutes,—for about seven months, and that for a period of such time his whereabouts were unknown even to his wife; that she received an additional notice of the setting of the matter relative to the correction of these minutes, and communicated with the attorney representing the relator herein, and instructed him to appear on behalf of relator, and he did appear at such hearing. We think that under the circumstances the notice of the pendency of such motion having been properly served upon relator, that it was his duty to keep himself informed of the proceedings and setting thereof. It is also worthy of note that the relator's attorney appeared at such hearing, and appealed to this Court after an unfavorable judgment on the part of the trial court on such motion, which appeal was by this Court dismissed. See 136 Texas Crim. Rep. 581, 127 S. W. (2d) 300.

"The absence of the accused at some stage of the proceedings does not in every instance require a reversal." Boatright v. State, 118 Texas Crim. Rep. 547, 42 S. W. (2d) 422, and many cases there cited.

It is also contended that because of the fact that during the pendency of the motion to correct the minutes, and while same failed to show a cumulative sentence, the relator had a hearing under a writ of habeas corpus granted by Judge Fountain Kirby, a judge of an adjoining district, at which hearing he was ordered discharged from the custody of the State prison officials, and he was by them at such time discharged from further confinement. We are of the opinion that the hearing of this writ should have been had in the county where the indictment was had and tried, Walker County, under the statute, Art. 118, C. C. P., which declares "Before indictment found, the writ (of habeas corpus) may be made returnable to any county in the State."

However Art. 119, C. C. P., declares that: "After indictment found, the writ (of habeas corpus) *must* be made returnable in the county where the offense has been committed, on account of which the applicant stands indicted."

While Judge Kirby had the right under the statute to grant the writ, he should have made the same returnable to the district court of Walker County. See Ex parte Trader, 24 Texas Crim. App. 393, 6 S. W. 533; Ex parte Ainsworth, 27 Texas 731; Ex parte Springfield, 28 Texas Crim. App. 27, 11 S. W. 667; Ex parte Overcash, 65 Texas Crim. Rep. 67, 134, S. W. 700; Ex parte Andrus, 69 Texas Crim. Rep. 183, 153 S. W.

621. Under these decisions we are impressed with the fact that Judge Kirby had no right to try the matters presented by the relator's application for the writ of habeas corpus, but should have made the said writ returnable to Walker County. However the facts at the time of this hearing probably justified the court in discharging the relator under the record as presented to him, but be that as it may, when the minutes were made to speak the truth, a different situation presents itself.

We have granted the correctness of the proposition that the court has the power to correct its sentence so that same be made to speak the truth, and we also observe that relator is not here now being held by reason of or on account of the orders, sentences or judgments that were presented to and passed upon by Judge Kirby; rather he is being now held by the true and correct orders, sentences and judgments as same were originally declared by the proper court, and passed upon him at the actual time of his trial, which were incorrectly passed into the minutes.

It is insisted by relator that the order of Judge Kirby directing his release from the penitentiary was a valid order, forever settling his status relative to these three cases, and is res adjudicata of the matter relative to his further confinement on the two latter cases Nos. 9431 and 9432. We do not agree with his conclusion.

We are further of the opinion that the relator is herein making a collateral attack upon a judgment and sentence of the court, and is attempting to make the writ of habeas corpus take the place of an appeal in the matter of the entering of the judgment and sentence entered nunc pro tunc in causes Nos. 9431 and 9432. He had such right of appeal from such order as witness the appeal as shown in 127 S. W. (2d) 300. That he had such right of appeal has long been held in Texas. In 26 Texas, 116, Scott v. State, Chief Justice Wheeler said: "We are of opinion that the motion to dismiss the appeal ought not to prevail. It has been the constant practice of this Court to entertain appeals in criminal as well as in civil cases, where, as in this case, the court having omitted to cause the entry of the judgment to be made at the proper term, had caused it to be entered nunc pro tunc at a subsequent term. Otherwise the right of appeal might be defeated by the failure of the court to correct at the term a clerical omission."

This doctrine was again enunciated in Bennett v. State, 80 Texas Crim. Rep. 652, 194 S. W. 148, as follows: "It is

urged by the State that an appeal from a judgment entered nunc pro tunc is not maintainable except in cases where it is entered in lieu of a void judgment, or in cases where no judgment is entered at all. Article 859, C. C. P., provides that, where there is a failure to enter judgment or pronounce sentence upon conviction during the term, judgment and sentence may be pronounced at any succeeding term. We think there is no doubt of the court's power to enter a judgment nunc pro tunc independent of this statute. However, it is difficult to understand why the facts of this case should not bring it under the terms of the statute last mentioned. In the case of Coleman v. Zapp, 105 Texas, 491, the Supreme Court sustained the entry of a judgment nunc pro tunc after six years in a case where there had been an omission in the original judgment of an item of $1800; and, as we understand the case of Rios v. State, 79 Texas Crim. Rep. 89, 183 S. W. Rep. 151, it construes Article 859 to apply to a case where there is a judgment written on the minutes which does not in fact express the judgment rendered. In the Rios case the judgment originally rendered inserted the name of Clarence Lenier instead of Jeorge Rios, the defendant on trial. After a dismissal of the appeal, the judgment was amended by rewriting in the minutes of the court a correct entry. This court held that, under Article 859, this was proper procedure."

In the case of Ex parte Beeler, 41 Texas Crim. Rep. 241, 53 S. W. 857, an error was made relative to the name of Charles A. Beeler, and the name of J. T. Evans was inadvertently inserted in one place in the sentence. That this was a mere irregularity and could be corrected by means of a nunc pro tunc proceeding the court held, and further that the matter was not a subject for the granting of the writ of habeas corpus. We quote therefrom: "Appellant insists that the judgment or final sentence, on account of the misnomer therein, rendered the same absolutely void, and therefore the writ of habeas corpus is the proper remedy. We can not agree to this contention. The insertion of the name 'J. T. Evans' instead of 'Charles A. Beeler' where it occurs in said sentence is merely an irregularity, and the order itself, taking the whole of it together, is sufficient to authorize a correction. (This is not a case where the wrong party was sentenced, for it is conceded that Beeler was the party brought before the court and sentenced.) If an appeal had been prosecuted from the judgment of the lower court, and this error in the entry of the name in the record had been pointed out, this Court would have either

dismissed the case for want of a proper sentence, or the entry would have been amended here. Code Crim. Proc., Art. 904; Small v. State, (Texas Crim. App.), 38 S. W. Rep. 709; Bullard v. State, 40 Texas Crim. Rep. 270. If the case had been dismissed for want of a proper sentence, it would have been competent for the lower court to have amended the sentence by an entry nunc pro tunc, or, if no sentence had been passed on defendant, it would have been competent for the court to pass sentence on him at a subsequent term. Code Crim. Proc., Art. 837. All this indicates unmistakably that the complaint here, upon which the habeas corpus was sued out, was a clerical error and a mere irregularity, and the writ of habeas corpus can not be used to revise irregularities. It can only be resorted to where the judgment is absolutely void. On this subject we quote from Hurd on Habeas Corpus as follows: 'A proceeding defective for irregularity and one void for illegality may be revised upon error or certiorari, but it is the latter defect only which gives authority to discharge on habeas corpus. An irregularity is defined to be a want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unreasonable time or improper manner. Illegality is properly predicable on radical defects only, and signifies that which is contrary to the principles of law as distinguished from mere rules of procedure. It denotes a complete defect in the proceedings.' Hurd, Hab. Corp., 333; Church, Hab. Corp., secs. 370, 373; Perry v. State, 41 Texas, 490; Ex parte Scwartz, 2 Texas Crim. App. 74; Ex parte Boland, 11 Texas Crim. App. 159; Ex parte Reynolds, 35 Texas Crim. Rep. 437. We accordingly hold that appellant was not entitled to the writ of habeas corpus."

In our final conclusion of this matter we hold that this trial court had the power to correct the mistake made in its minutes, and to make the same speak the truth; that the relator had notice of the filing and pendency of such a motion; he being enlarged from custody, it was his duty to take notice of the hearing of such motion, and his voluntary absence at the time of the final hearing did not render such hearing void; that the hearing had by Judge Kirby was not an adjudication of the matter now before this Court, and that the trial court was correct in its judgment in refusing relator his discharge in causes Nos. 9431 and 9432, as prayed for herein.

The judgment is therefore affirmed.

BEAUCHAMP, Judge, not sitting in this cause.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Because of the somewhat novel legal questions presented this case had our most careful consideration on original submission.

It is contended by relator that we were in error in holding that Art. 119 C. C. P. applied in the present instance, and that the writ of habeas corpus should have been made returnable to the court where the conviction occurred. We still incline to the view that our holding was correct, but do not deem it necessary to consider the question further because if such contention be correct, nevertheless, under the record relator was properly remanded under the corrected minutes of the trial court.

The motion for rehearing is overruled.