WILLIAM R. RAY v. STATE.

No. 24572. January 11, 1950.
Rehearing Denied March 8, 1950.

Hawkins, Presiding Judge, dissenting.

*H. S. Beard,* Waco, and *A. S. Baskett,* Dallas, for appellant.

*Stewart W. Hellman,* Criminal District Attorney, *Alfred M. Clyde,* former Criminal District Attorney, *W. H. Tolbert,* Assistant Criminal District Attorney, Fort Worth, *Charles T. Banister,* County Attorney, Corsicana, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

This cause has been before this court in our No. 24,292, decided March 16, 1949, and is reported in (page 347 of this volume) 221 S. W. (2d) 249.

Its decision caused quite an amount of deliberation by the court and was eventually affirmed, the Presiding Judge filing a dissenting opinion.

When the mandate of this court was returned to the trial court, it was ascertained that no judgment had been pronounced against the defendant in the lower court. Thereupon the state filed a motion *nunc pro tunc* to enter such judgment now for then. This motion was granted and a judgment therein entered in the July Term, 1949, as of date July 8, 1948, finding appellant guilty of rape and the jury fixing his punishment at death, to which action of the court the appellant then and there objected and duly excepted and properly brought forward herein his bill of exceptions.

The record before us now brings forward all matters heretofore presented and considered by us as in the former appeal (page 347 of this volume,) 221 S. W. (2d) 249 as well as the *nunc pro tunc* order entering judgment in this cause.

It has long been held, at least since the passage of Art. 3151, Paschal's Digest of Laws, that a failure to enter a judgment in a felony case could be remedied by a proper motion to enter same at a later term of the trial court and that the entry of such judgment could be made at any succeeding term of such court and not necessarily at the next succeding term thereof. See Ex parte Beard, 41 Tex. 234. We find this remedial statute to have been contained as O. C. 686, and again, in succeeding revisions, and is now found in a slightly revised form as Art. 772, C. C. P., such statute reading as follows:

"If there is a failure from any cause whatever to enter judgment and pronounce sentence during the term, the judgment may be entered and sentence pronounced at any succeeding term of the court, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken."

It was not ascertained by this court at the time of the presentation of this cause as shown in William R. Ray v. State (our No. 24,292) that a final judgment had not been entered therein, and we proceeded to consider the cause upon its merits; and each member of the court expressed his views thereon in writing, giving careful consideration to the many points presented therein. We see no useful purpose in again writing thereon. Suffice it to say that each of us remain of the same views as therein expressed. We think the case of Robinson v. State, 54 Tex. Cr. R. 559, 113 S. W. 763, furnishes a parallel for the procedure followed in this instance. See Meadors v. State, 101 Tex. Cr. R. 336, 275 S. W. 829; Cleveland v. State, 128 Tex. Cr. R. 552, 82 S. W. (2d) 974; Madison v. State, 17 Tex. App. 479; Mapes v. State, 13 Tex. App. 85; Rios v. State, 79 Tex. Cr. R. 89, 183 S. W. 151; Williams v. State, 99 Tex. Cr. R. 356, 269 S. W. 434; Hinman v. State, 54 Tex. Cr. R. 434, 113 S. W. 280.

We express the opinion that the trial court was correct in entering such judgment now for then.

We remain of the opinions set forth in the former decision above referred to, and adopt the same in disposing of this cause.

The judgment is therefore affirmed.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant contends in his motion for rehearing that our original opinion approving the procedure followed by the trial court in the entry of judgment is contrary to the prior decisions of this court in Hinman v. State, 54 Tex. Cr. R. 434, 113 S. W. 280, and all other cases cited by Judge Graves in such opinion, with the possible exception of Robinson v. State, 54 Tex. Cr. R. 559, 113 S. W. 763 and Ex Parte Beard, 41 Tex. 234.

An examination of the applicable statutes and of the holdings of this court in Hinman v. State and in Robinson v. State will demonstrate that there is no conflict between the decisions, and that the law as stated in the Robinson case is applicable here.

The Hinman case was decided on October 28, 1908.

The Robinson case was decided some 21 days later, on November 18, 1908.

The opinions, both by Presiding Judge Davidson, deal with the application of the article of the statutes now known as Art. 772, C. C. P., quoted by Judge Graves and Art. 884 (now Art. 828, C. C. P.), reading in part as follows:

"The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken."

In Hinman v. State, notice of appeal was given after judgment of conviction, but for some reason sentence was not pronounced at that term. At the following term the trial court pronounced sentence, and this court, in its opinion on the pending appeal, held that the trial court was without power to pass sentence at that time.

In Robinson v. State, after conviction and appeal the judgment was affirmed and mandate issued.

It was subsequently discovered that there had been no sentence pronounced, and at the next term of court Robinson was sentenced.

Upon a second appeal, the action of the trial court was approved as authorized by the statute (now Art. 828, C. C. P.).

The illegality of the judgment of affirmance for want of a sentence was recognized in the opinion by Presiding Judge Davidson, but it is clear that such judgment was considered as having terminated the appeal.

From the statutes and the decisions cited, it appears to be the rule that it is only "during the pendency of the appeal" that the trial court is without authority to enter a judgment or sentence, or to enter any other order for the purpose of conferring jurisdiction upon this court. And the jurisdiction of the trial court is said to be ousted only "until this court has passed upon the appeal." See Art. 772, C. C. P.; Art. 828, C. C. P.; and Hinman v. State, supra.

At the time of entering the judgment against appellant, there was on file in the trial court the mandate issued out of this court and the appeal had been concluded.

There yet remained the procedure required in a death penalty case, namely, the pronouncement of sentence. See Art. 769, C. C. P.

Upon discovery of the absence of a judgment in the record, the trial judge could not legally pronounce such sentence.

We are convinced that the proper procedure was then followed in the entry of the judgment theretofore pronounced, but not entered of record.

Appellant had the right upon such entry to then file his motion for new trial, and to appeal to this court from such judgment, and he has done so.

Each and every contention of appellant has received the careful consideration of this court upon the former appeal and upon original submission of this appeal, and it appears that each bill of exception has been considered and discussed in one or more of the opinions.

We see no material difference in the bill of exception regarding the argument of counsel now numbered 12 and the former bill then numbered 13 and discussed by Judge Beachamp in his opinion on the first appeal. The qualification of said bill

No. 12 certifies that the argument complained of was in direct reply to the argument of counsel for appellant, and the statement in the bill to the contrary can therefore be given no effect.

The majority of this court remain of the opinion that the case was properly disposed of on original submission of the present appeal.

Appellant's motion for rehearing is therefore overruled.

Opinion approved by a majority of the court.

HAWKINS, Presiding Judge.

I desire to reassert the views expressed in my dissenting opinion as it appears in Ray v. State, page 347 of this volume, 221 S. W. 2d 249. For the reasons there pointed out, I remain of the opinion that the indictment is fatally defective.