## EX PARTE CHARLES A. BEELER.

### No. 2114.  Decided November 15, 1899.

**1.  Habeas Corpus—Sentence—Misnomer in Entry of.**

The insertion by the clerk of a wrong name, that is, a different name than that of the defendant, in his entry of the sentence of the court upon a proper valid judgment of conviction, is merely an irregularity which may be amended or corrected; and defendant is not entitled to a writ of habeas corpus in order to have the said judgment and sentence declared void.

**2.  Same.**

The writ of habeas corpus can not be used in order to have irregularities revised.  Illegality signifies that which is contrary to the principles of law,—radical defects as distinguished from mere rules of procedure.  Habeas corpus is a remedy only where the procedure is void for illegality.

**3.  Same—Final Sentence—Entry Nunc pro Tunc.**

A misnomer in the final sentence may properly be amended by a nunc pro tunc entry at a subsequent term of the court.

APPEAL from the District Court of Bexar.  Tried below before Hon. R. B. GREEN, in chambers.

Appeal from a judgment remanding relator to custody on a hearing upon a writ of habeas corpus.

The case is sufficiently stated in the opinion.

*C. L. Bass* and *G. O. Brown,* for relator.

*Rob't A. John,* Assistant Attorney-General, for respondent.

HENDERSON, JUDGE.—Appellant was convicted at the June term, 1899, of the District Court of Bexar County, for embezzlement, and his punishment assessed by the jury at confinement in the penitentiary for a term of five years.  The finding of the jury was approved by the court, and a judgment regular in form was rendered against appellant.  At a subsequent day of the same term, appellant was brought before the court for the purpose of final sentence.  The court proceeded to pass sentence on him, but the clerk, in entering the same upon the minutes of the court, in the final part of said entry inserted the name of J. T. Evans, instead of Charles A. Beeler; said sentence being as follows, to wit:  "Monday, June 5th, A. D. 1899.  The State of Texas vs. Charles A. Beeler.  (No. 15,814.)  Embezzlement over $50.  The defendant herein, Charles A. Beeler, having this day been found guilty by a jury of the crime of embezzlement over $50, and the penalty therefor assessed at five years confinement in the State penitentiary, and the defendant, being brought into court and asked if he had anything to say why sentence should not be pronounced in accordance with the verdict of the jury, answered, 'Nothing.'  The court then proceeded to pass sentence as follows:  'The sentence of the court is that you, J. T. Evans, be taken to the county jail from whence you came, and from thence be taken to the State

penitentiary, and there confined at hard labor for the full term of five years, in accordance with the judgment herein.' " After the expiration of the term of court, to wit, in August, 1899, the district judge who tried the case on application of appellant issued a writ of habeas corpus, returnable before him on Monday, September 7, 1899. The return was made of said writ, and the prisoner produced before the Hon. R. B. Green on said date, who, after hearing the same, remanded appellant, from which order this appeal is prosecuted.

Appellant insists that the judgment or final sentence, on account of the misnomer therein, rendered the same absolutely void, and therefore the writ of habeas corpus is the proper remedy. We can not agree to this contention. The insertion of the name "J. T. Evans" instead of "Charles A. Beeler" where it occurs in said sentence is merely an irregularity, and the order itself, taking the whole of it together, is sufficient to authorize a correction. (This is not a case where the wrong party was sentenced, for it is conceded that Beeler was the party brought before the court and sentenced.) If an appeal had been prosecuted from the judgment of the lower court, and this error in the entry of the name in the record had been pointed out, this court would have either dismissed the case for want of a proper sentence, or the entry would have been amended here. Code Crim. Proc., art. 904; Small v. State (Texas Crim. App.), 38 S. W. Rep., 709; Bullard v. State, 40 Texas Crim. Rep., 270. If the case had been dismissed for want of a proper sentence, it would have been competent for the lower court to have amended the sentence by an entry nunc pro tunc, or, if no sentence had been passed on defendant, it would have been competent for the court to pass sentence on him at a subsequent term. Code Crim. Proc., art. 837. All this indicates unmistakably that the complaint here, upon which the habeas corpus was sued out, was a clerical error and a mere irregularity, and the writ of habeas corpus can not be used to revise irregularities. It can only be resorted to where the judgment is absolutely void. On this subject we quote from Hurd on Habeas Corpus as follows: "A proceeding defective for irregularity and one void for illegality may be revised upon error or certiorari, but it is the latter defect only which gives authority to discharge on habeas corpus. An irregularity is defined to be a want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unreasonable time or improper manner. Illegality is properly predicable of radical defects only, and signifies that which is contrary to the principles of law as distinguished from mere rules of procedure. It denotes a complete defect in the proceedings." Hurd, Hab. Corp., 333; Church, Hab. Corp., secs. 370, 373; Perry v. State, 41 Texas, 490; Ex Parte Scwartz, 2 Texas Crim. App., 74; Ex Parte Boland, 11 Texas Crim. App., 159; Ex Parte Reynolds, 35 Texas Crim. Rep., 437. We accordingly hold that appellant was not entitled to the writ of habeas corpus.

The Assistant Attorney-General, in connection with his contest to applicant's right to the writ, also moves to abate the writ on the ground that since the trial of. the habeas corpus in the court below the District Court of the Thirty-seventh Judicial District of Bexar County has met in regular session, and has corrected the entry as to the misnomer in the final sentence by a judgment nunc pro tunc, and he appends the proceedings in that relation to his motion. This only shows that the sentence has been properly amended, and, being a mere irregularity which is amendable, the writ should not have been granted in the first instance. However, this amendment was authorized by the statute, and was the proper practice. There being no error in the record, the judgment is affirmed.

*Affirmed.*