IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,032






EX PARTE FERMIN MARTINEZ YBARRA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM HAYS COUNTY



 

 Per Curiam.


 OPINION



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc., Article 11.07 (West 2004). Applicant
was convicted of the offense of attempted sexual assault, aggravated assault on a peace officer,
and retaliation. The three convictions resulted from three separate counts in one indictment,
cause number CR-94-424. Punishment was assessed at ten years' confinement to run
concurrent for each count. There was no direct appeal.

 Applicant contends that he is entitled to 112 days of jail time credit from June 25,
1994, to October 15, 1994, for time spent confined in the county jail from the date of his
arrest to the date of his release on bond. Since Applicant alleges he is within 180 days of his
presumptive parole date, he fits within an exception enumerated in Tex. Gov't Code
§501.0081 (c) (West 2004). (1) Applicant was sentenced on July 6, 1995, and given back time
credit from May 12, 1995, to date of judgment and sentence. Therefore, the time Applicant
requests is pre-sentence jail time credit. (2) 

 The Applicant alleges that he has filed a motion for judgment nunc pro tunc in the
convicting court, requesting that this pre-sentence jail time be credited to him, but the trial
court had not ruled on the motion when he filed the writ application. As a result of the writ
filed by Applicant, the trial court issued an order finding that there were no controverted
previously unresolved issues of fact material to the legality of the petitioner's confinement. 
The trial court did not find that the Applicant had already received the credit by way of a nunc
pro tunc order, and the record is silent on what action, if any, the trial court took on the
motion.

 The trial court is required to grant the Applicant pre-sentence jail time credit when
sentence is pronounced. Tex. Code Crim. Proc. art. 42.03 § 2(a) (West 2004). In the event
the court fails to award such credit at the time the sentence is imposed, the trial court has the
authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc order
and should do so. Tex. R. App. P. Rule 23.2. Further, we have held that matters which may be
raised and resolved by nunc pro tunc proceedings should not be considered by way of writ of
habeas corpus. See Ex parte Pena, 71 S.W.3d 336, 336-337 (Tex. Crim. App. 2002) (a claim
that a judgment is inaccurate, which is neither a claim of jurisdictional defect nor a violation
of constitutional or fundamental rights, is not a basis for habeas relief under article 11.07 of
the Texas Code of Criminal Procedure); see also Ex parte Patterson, 139 Tex. Crim. 489,
496, 141 S.W.2d 319, 323 (1940) (a mere irregularity in a judgment may be corrected by nunc
pro tunc proceeding, but "the matter was not a subject for the granting of the writ of habeas
corpus") (citing Ex parte Beeler, 41 Tex. Crim. 240, 241, 53 S.W. 857, 857 (1899)).

 The appropriate remedy in this situation is to require Applicant to present the issue to
the trial court by way of a nunc pro tunc motion, as Applicant alleges he has done in this case. 
If the trial court fails to respond, Applicant is first required to seek relief in the Court of
Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not
to do so. See e.g. Padilla v. McDaniel, 122 S.W.3d 805 (Tex. Crim. App. 2003) (when a court
of appeals and this Court have concurrent, original jurisdiction of a petition for a writ of
mandamus against the judge of a district or county court, the petition should be presented first
to the court of appeals unless there is a compelling reason not to do so.) 

 Accordingly, this application is dismissed.


IT IS SO ORDERED THIS THE 27TH DAY OF OCTOBER, 2004.


PUBLISH. 
1. The requirement of section 501.0081 is not applicable to mandamus proceedings, since the
plain language of the statute states that an applicant is required to exhaust with the Texas Department of
Criminal Justice, Correctional Institutions Division, administrative system before filing an application for
a writ of habeas corpus.
2. If Applicant has been incarcerated past his presumptive discharge date, this is no longer a time
credit claim but an illegal confinement claim.