**DISMISS; and Opinion Filed April 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00371-CV

### IN RE JUAN MURRAY, Relator

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F0055585-MR**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Lewis

Relator filed this petition for writ of mandamus seeking to compel the trial court to grant his motion for nunc pro tunc judgment and to order the District Clerk to produce and file a nunc pro tunc judgment. Relator argues that at the time of his October 25, 2001 sentencing, the trial court orally imposed a sentence of four years for aggravated robbery, but the written sentence improperly reflected that he was to be confined for forty years. Relator has moved for entry of judgment nunc pro tunc in the trial court and argues that granting the motion and correcting his written sentence is a ministerial matter that this Court may order the trial court to undertake. Given the date of relator's sentencing, relator's allegations amount to a claim that he has now been held beyond the term of confinement that the trial court imposed. The Court concludes that it lacks jurisdiction over such a claim and so dismisses the petition for want of jurisdiction.

Ordinarily a claim that a judgment of conviction is inaccurate and must be corrected should be resolved via a motion nunc pro tunc. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004); *Ex parte Pena*, 71 S.W.3d 336, 336-37 (Tex. Crim. App. 2002). A writ of habeas corpus does not lie to correct an inaccurate criminal judgment. *Ex parte Patterson*, 141 S.W.2d 319, 323 (1940) (a mere irregularity in a judgment may be corrected by nunc pro tunc proceeding, but "the matter was not a subject for the granting of the writ of habeas corpus") (citing *Ex parte Beeler*, 53 S.W. 857, 857 (1899)). When a trial court fails to respond to a proper motion for entry of judgment nunc pro tunc, the petitioner may seek relief in the court of appeals by way of petition for writ of mandamus. *Ybarra*, 149 S.W.3d at 149.

However, a claim that a petitioner is being held beyond the length of the sentence that was assessed against him is a claim that he is being illegally confined in violation of his constitutional rights and should be raised by a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, even if the claim is one that would be susceptible to nunc pro tunc correction during the time of the petitioner's legally proper confinement. *See Ex parte Deeringer*, 210 S.W.3d 616, 618 n.7 (Tex. Crim. App. 2006); *Ybarra*, 149 S.W.3d at 148 n.2. This Court may not address such complaints. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) ("What the court of appeals tried to do was treat the original mandamus petition as a writ of habeas corpus. We are the only court with jurisdiction in final post-conviction felony proceedings."). While the courts of appeals have concurrent mandamus jurisdiction with the Court of Criminal Appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010); *In re Turk*, No. 14-09-00129-CR, 2009 WL 396197, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no

pet.) (mem.op.); *In re Bailey,* No. 14-06-00841-CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (mem. op.); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d at 718.

While the relator has asserted his claim in the trial court in the form of a nunc pro tunc motion, the true nature of relator's complaint in the trial court is that he has been held beyond the period of his sentence and is being illegally confined. This Court does not have jurisdiction over any matters related to such complaints; they must be raised with the Court of Criminal Appeals. Accordingly, the Court **DISMISSES** relator's complaint for want of jurisdiction.

/David Lewis/
DAVID LEWIS
JUSTICE

140371F.P05