65,555-18

**Dr. Alex Melvin Wade, Jr.**
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas
77705-7638

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 01 2015

Abel Acosta, Clerk

May 27th, 2015

The Honorable Abel Acosta
Clerk
Court of Criminal Appeals
P.o. Boc 12308
Capitol Station
Austin, Texas 78711-0308

Ref.: Ex Parte Alex Melvin Wade, jr., a/k/a Alex Wade, Jr., Trial Court # 729,136-G, In the 179th Judicial District Court of Harris County, Texas **WR-65,555-18**

Dear Mr. Abel:
Under your cover letter dated April 24th, 2015, this Applicant was returned various documents submitted to that court causing the record is the lower court be modified showing documents this court should be abreast of. The documents were caused to be manilated from the record based on a proposed order of the Office of Devon Anderson, District Attorney, via., Of Linda Garcia, Assistant District Attorney.

Your cover letter advised this Applicant, that your office did not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at that time. This Applicant notified by "white card," dated May 6th, 2015, your office had in fact received the Writ of Habeas Corpus these enclosed documents were to be made a part of if the Clerk of the Harris County, Texas Office has not transmitted the same to your office.

As such, I am herewith returning the file returned to me again back to your Office to be attached to the record in the above entitled cause of action.

The "Nunc Pro Tunc," allegedly not filed in the 179th District Court and is based on the proposed Order signed by the Habeas Court has been attached to show the reason the Order is based on is because of an incompleteness of the record.

I hope some favorable action proceed on your parts, in submitting these documents to the Court for review, whcih will show the propsed order was designed to cause the record be incomplete.

Thank you very kindly for your attention in the handling of this matter.

I await your reply.

Sincerely,

Dr. Alex Melvin Wade, Jr.

Abel Acosta
WR-65,555-18
Page two (2)
May 27th, 2015
----------------------------------------

CC:
    Linda Garcia, Asst. District Atty
    c/o Devon Anderson, District Attorney
    Harris County Courthouse
    1201 Franklin Street, 6th Fl.
    Houston, Texas 77002

enc;

**Dr. Alex Melvin Wade, Jr.**
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas
77705-7638

March 10th, 2015

Abel Acosta,
Clerk
Court of Criminal Appeal
Capitol Station
P.O. Box 12308
Austin, Texas 78711-2308

       Ref.: **Ex Parte Alex Melvin Wade, Jr.,** Cause number 729,136-G, in the
       179th Judicial District Court, Harris County, Texas, Presiding
       R.Royce.

Dear Mr. Acosta:

Enclosed herewith please find a copy of Applicant's Alex Melvin Wade, Jr.,'s
Response to the State's Original Answer with the attached proposed order.
In my previous communication with the Harris County, Texas Courts, the Orders
drafted by the State's District Attorney's Office in matters of this sort
are signed and forwarded to your office before the Applicant can respond to
the State's Original Answer.

Therefore, I am forwarding your Office a copy of the enclosed pleading to be
made a part of the record presented to your office by the Clerk of Harris
County, Texas Chris daniel's Office.

I believe the Order proposed by the State do not mention the attached documents
that should be a part of the record in this habeas corpus proceeding. The
"Nunc Pro Tunc," filed where no action was taken by the Court is highly re-
lenavt and should not be suppressed in the habeas corpus record in this cause
of action. The Pleading herein contain documents from the Clerk Office
that with little, if any investigation availed these documents that is al-
leged not file in the District Court, respectively.

I hope some favorable action proceed on your parts, in having the ex-
hibits presented before the Court for review.

Thank you very kindly for your attention in the handling of this matter..

Sincerely,

Dr. Alex Melvin Wade, Jr.

cc:
    Linda Garcia
    Asst. District Attorney

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 16 2015
Abel Acosta, Clerk

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stile
3060 FM 3514
Beaumont, Texas 77705-7638

## Cause No.: 729,136-G

| | | |
|---|---|---|
| EX PARTE | § | IN THE 179th DISTRICT COURT |
| | § | |
| | § | |
| | § | OF |
| ALEX MELVIN WADE, JR., | § | |
| Applicant. | § | |
| | § | HARRIS COUNTY, T E X A S |

### APPLICANT ALEX MELVIN WADE, JR.,'S RESPONSE TO STATE'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Alex Melvin Wade, Jr., pro se, in the above entitled cause of action, brought pursuant to Tex.Code.Crim.Procedure art. 11.07(West 2013) and would show the following:

#### I.

Applicant was arrested in 1992 in connection with the above entitled cause number(the primary case) 729,136, however, applicant was convicted in 1997. Applicant was placed in custody on different dates and time prior the the conviction of 1997 of forgery. The trial court assessed the applicant's punishment, enhanced by one (1) prior conviction, at twenty year (20) confinement in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID) and a ten-thousand dollar ($10,000)fine.

The trial court did not credit Applicant with time spend in custody on the offense. Applicant has filed several "Nunc Pro Tunc," proceeding to cause the judgment and sentence be corrected.



## II.

Applicant Alex Melvin Wade, Jr, support with evidence the Court's Clerk record will show that Applicant has filed "Nunc Pro Tunc," a proceeding the Office of Devon Anderson, District Attorney alleges has not been filed in it's answer. However, with just the miminum of investigation by the Office of Devon Anderson, with the availability of technology with just a simple phone call would have produce a copy of **"MEMORANDUM RESPONSE TO CORRESPONDENCE RECEIVED: 3/20/2014,** in this primary cause number 729,136, Applicant's Motion Nunc Pro Tunc was filed with the District Clerk and on 3/27/14, took no action. The action show that the court provided no credit for time spent in custody in connection with the offense before 9/26/1996. In the event the court fail, as it has done here fails to award such credit at the time of the sentence is imposed, the court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc." This is the precise action that was taken by Applicant (See Exhibit "A") Tex. R.App. Rule 23.2. However, the Court of Appeals has held that the action taken by Applicant is the appropriate remedy, "Nunc Pro Tunc,: prior to the filing of the habeas corpus in the primary case. **Ex parte Ybarra,** 149 S.W.3d 147, 148(Tex.Crim.App. 2004); citing **Ex parte Pena,** 71 S.W.3d 336, 336 (Tex. Crim. App. 2002) See pg. 3 of State's Original Answer.

## III.

Applicant raises questions of law and fact that can not be resolved by the Court of Criminal Appeals upon review of official court records and with need for evidentiary.

The Office of Devon Anderson, District Attorney, know that the "Nunc Pro Tunc," will not show in the habeas record and the official Clerk would reveal the filing of Applicant's Nunc Pro Tunc.", respectively.

**IV.**

Applicant contends he is being prejudiced by not being granted his jail time credit, because that jail time credit would entitled applicant to have served and discahrged the sentence along with his time spent in his parole status on the sentence imposed in 1997 in this primary case.

**V.**

For the foregoing reasons, and supported by the evidence herein, clerk's record, "Applicant "filed the required "Nunc Pro Tunc," before the filing of the habeas corpus in the above entitled cause of action ending with "G". The State's Original Answer be herein overruled as a matter of law.

**VI.**

Service has been accomplished by sending a copy of this instrument to the following:

Linda Garcia
Assistant District Attorney
Harris County, Texas
1201 Franklin Street, Suite 600
Beaumont, Texas 77705-7638

SIGNED this 04/09/15

Abel Costa
Clerk, Court of Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711-2308

Respectfully submitted,

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705

1. It appears the Office of Devon Anderson, District Attorney for Harris County, Texas attempts to supress Court's Record thats relevant to this proceeding. On January 2nd, 2015, the Honorable Baldwin Chin, Assistant District Attorney filed State's Motion Requesting Designation of an Issue. (See Applicant's Exhibit "B", pgs 1-4) This document should have been transmitted to the Court of Appeals as part of the habeas corpus record.

-3-



# CHRIS DANIEL

## HARRIS COUNTY DISTRICT CLERK

Direct Dial Line:

Alex M. Wade, Jr
1624189
Mark W. Stiles
3060 FM 3514
Beaumont, TX 77705-7638

Memorandum response to correspondence received: <u>3/20/2014</u>

Re: Cause No(s) <u>729136</u>.

Dear <u>Mr. Wade</u>,

☒    Your motion/request <u>Nunc Pro Tunc</u> was filed with the District Clerk and on <u>8/27/14</u> the Court:

    ☒ Took no action     ☐ Denied your Motion/Request     ☐ Granted your motion/request

    ☐ Took action     ☐ Advised attorney of record     ☒ Other

☒    Our records reflect your jail time credit to be at the time of sentence: <u>9/26/1996 to 4/30/1997</u>. Although sentence imposed date is 4/30/1997, the actual sentence to begin date is 9/29/1996. Judgment reflects no error.

☐    Contact TDC records for further information.

☐    Requests for certified copies:

    ☐ Please include full name, date of birth, and/or cause number.

    ☐ Copies must be ordered by document name for correspondence to determine how many pages, to be able to quote a price. The fee for certified or uncertified copies is $1.00 per page. All requests must include a self-addressed, stamped envelope. If the cause number is not known, there will be a record search fee of $5.00.

☐    Other:

3

CHRIS DANIEL, District Clerk

By: JRO

    Clerk in the 179th District Court

APPLICANT'S EXHIBIT "A" 1 of 3

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

Cause No.: 729136

STATE OF TEXAS,                          §   IN THE 179th JUDICIAL DISTRICT COURT
                                         §
                                         §
                                         §
vs.                                      §   OF
                                         §
ALEX MELVIN WADE, JR.,                   §
        Defendant.                       §   HARRIS COUNTY, T E X A S

### DEFENDANT'S THIRD NUNC PRO TUNC

Defendant Alex Melvin Wade, Jr., pro se herein and pursuant to Rule 23.2, Texass Rules of Appellate Procedure, where the trial court has the authority to correct the judgment to reflect the appropriate sentence by "nunc pro tunc," and grant Defendant with presentence jail credit when the sentence is pronounced. Texas Code Criminal Proedure Article 42.03 §2(a) This Defendant seekes to cause the court to correct the sentence and provide his with the appropriate pre-sentence credit for good cause as in the following:

I.

The certified copy of the Judgment and Committment Order dated August 27th, 2014, issued by JS Kublcek, Deputy.

The Order show the date offense Committed, 4-9-1992. The Clerk's Record should show Defendant was held in leiu of $250,000.00(Two Hundred Fifty Thousand Dollars) bail and held to and until the bail was reduced in and argreed order by the then Harris County, Texas District Attorney. Defendant has not been credited with the 46 days stay upon the initial arrest, under 42.03 §2(a). Defendant is entitled to credit for pre-sentence time spent in custody in connection with the instant offense.

Defendant was retained in the Marion County Jail, Indianapolis Indiana and held for the purpose of extridication. Defendant was release on bail to a State Bonding Company and was rearrested and held in the Marion County Jail awaiting extridiction to Harris County, Texas on the instant offense in the indictment numbered 729,136 for a period of 30 days and is entitled to credit for the time spent in custody in correction with the instant offense. pursuant to 43.3.?2(a), CCP. respectively.

## CONCLUSION

Wherefore, Defendant Alex Melvin Wade, Jr., prays, that upon this Court investigation of the above time spent in custody by Defendant on the instant offense, credit his sentence with 1?3 days time spent in custody in correction with the instant offense.

cause all interested parties, TDCJ=CID and Texas Board of Pardons & Paroles of the sentence to entitled Defendant with all credit aplied to the sentence of the court,

Respectfully Submitted,

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

## CERTIFICATE OF SERVICE

I, Dr. Alex Melvin Wade, Jr., pro se herein hereby certify a true and correct copy of the foregoing "Nunc Pro Tunc," has this 2nd Day of September 2014 been served upon the Office of the Honorable Devon Anderson, Harris County, District Attorney, 1201 Franklin Street, 6th Fl., Houston, Texas 77002, postage prepaid.

Dr. Alex Melvin Wade, Jr.

NO. 729136-G

| EX PARTE | § | IN THE 179TH DISTRICT COURT |
|---|---|---|
| | § | OF |
| ALEX MELVIN WADE, JR., Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S MOTION REQUESTING DESIGNATION OF AN ISSUE

The State of Texas, by and through its Assistant District Attorney for Harris County, requests that this Court, pursuant to TEX. CRIM. PROC. CODE ANN. art. 11.07, § 3(d) (West Supp. 2013), designate the issue of whether the applicant was denied pre-sentence jail credits as the issue which needs to be resolved in the above captioned cause.

EXHIBIT "B", 1 of 4

Service has been accomplished by mailing a copy of the State's Motion Requesting Designation of an Issue and Proposed Order Designating an Issue to:

> Alex Melvin Wade, Jr.
> 1624189
> Stiles Unit
> 3060 FM 3514
> Beaumont, Texas 77705

SIGNED this 2nd day of January, 2015.

Respectfully submitted,

BALDWIN CHIN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar I.D. #00783823

EX PARTE § IN THE 179TH DISTRICT COURT

§ OF

ALEX MELVIN WADE, JR.,
Applicant § HARRIS COUNTY, TEXAS

## STATE'S PROPOSED ORDER DESIGNATING AN ISSUE

Having reviewed the application for writ of habeas corpus, the Court finds that the issue of whether the applicant was denied pre-sentence jail credits needs to be resolved

Therefore, pursuant to Article 11.07, § 3(d), this Court will resolve the above-cited issue and then enter findings of fact.

The Clerk of the Court is ORDERED to transmit the Court's instant order designating issues to the Court of Criminal Appeals. The Clerk of the Court is ORDERED NOT to transmit any additional documents in the above-styled case to the Court of Criminal Appeals until further ordered by this Court.

EXHIBIT "B", 3 of 4

By the following signature, the Court adopts the State's Proposed Order Designating an Issue in Cause Number 729136-G.

SIGNED on the _____ day of _____, 2015.

?S? ORIGINAL SIGNED BY THE
_____
PRESIDING JUDGE, 179TH DISTRICT COURT
HARRIS COUNTY, TEXAS

4

No. 729136-G

| | | |
|---|---|---|
| EX PARTE | § | IN THE 179TH DISTRICT COURT |
| | § | OF |
| ALEX MELVIN WADE,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S ORIGINAL ANSWER

The State of Texas, by and through its Assistant District Attorney for Harris County, files this, its original answer in the above-captioned cause, having been served with the original application for writ of habeas corpus, pursuant to TEX. CODE CRIM. PROC. art. 11.07 (West 2013), and would show the following:

### I.

The applicant is confined pursuant to the judgment and sentence of the 179th District Court of Harris County, Texas, in cause number 729136 (the primary case), where the applicant was convicted on April 30, 1997, by a jury of the felony offense of forgery. The court assessed the applicant's punishment, enhanced by one (1) prior conviction, at twenty (20) years confinement in the Texas Department of Criminal Justice – Institutional Division (TDCJ-ID) and a ten-thousand dollar ($10,000) fine.

The First Court of Appeals delivered an opinion affirming the applicant's conviction on October 12, 2000. *Wade v. State*, No. 01-97-00904-CR, 31 S.W.3d 723, (Tex. App.—Houston [1st Dist.], pet. ref'd).

The applicant's previous applications for writ of habeas corpus, cause numbers 729136-A, 729136-C, were denied on November 1, 2006 and April 29, 2009, respectively. The applicant's previous applicants for writ of habeas corpus, cause numbers 729136-B, 729136-D, 729136-E, 729136-F, were denied on February 25, 2009, October 02, 2013, January 22, 2014, and October 15, 2014, respectively.

## II.

The State denies the factual allegations made in the instant application, except those supported by official court records, and offers the following additional reply:

### REPLY TO APPLICANT'S SOLE GROUND FOR RELIEF

The applicant alleges in his sole ground for relief that he is being denied pre-conviction time credits against his sentence in the primary case. *See Applicant's Writ* at 6. Specifically, the applicant makes various claims that he is entitled to credit against his sentence in the primary case for the times that he was either arrested or transported until the time he was found guilty by a jury. *Id.*

The trial court is required to grant the applicant pre-sentence jail time credit when the sentence is pronounced. TEX. CODE CRIM. PROC. art 42.03 §2(a). In the event the court fails to award such credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by *nunc pro tunc* order. TEX. R. APP. P. Rule 23.2. However, the Court of

2

Criminal Appeals has held that matters which may be raised and resolved by *nunc pro tunc* proceedings should not be considered by way of writ of habeas corpus. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004); citing *Ex parte Pena*, 71 S.W.3d 336, 336-176 (Tex. Crim. App. 2002)(holding that claim that judgment is inaccurate, which is neither claim of jurisdictional defect nor violation of constitutional or fundamental rights, is not basis for habeas relief under TEX. CODE CRIM. PROC. art. 11.07); *Ex parte Patterson*, 139 Tex. Crim. 489, 496, 141 S.W.2d 319, 323 (1940)(mere irregularity in judgment may be corrected by *nunc pro tunc* proceeding, but was not subject for granting writ of habeas corpus)(citing *Ex parte Beeler*, 41 Tex. Crim. 240, 241, 53 S.W. 857, 857 (1899)).

The applicant's instant claim is not the proper subject for habeas corpus relief. The applicant's appropriate remedy is to present the issue to the trial court by way of a *nunc pro tunc* motion. Therefore, the applicant's instant writ should be dismissed.

## III.

The applicant raises questions of law and fact that can be resolved by the Court of Criminal Appeals upon review of official court records and without need for an evidentiary hearing.

**IV.**

Service has been accomplished by sending a copy of this instrument to the following address:

> Alex Melvin Wade
> TDCJ #1624189 – Mark W. Stiles
> 3060 FM 3514
> Beaumont, Texas 77705

SIGNED this 27th day of March, 2015.

Respectfully submitted,

Linda Garcia
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar I.D. #00787163

Prepared by:
Josh Redelman – Intern

4

## Certificate of Compliance as Required by Tex. R. App. 73.1(f)

The State of Texas, through its Assistant District Attorney for Harris County, files this, its Certificate of Compliance in the above-captioned cause, having been served with an application for writ of habeas corpus pursuant to Tex. Crim. Proc. Code art. 11.07 § 3. The State certifies that the number of words in the State's Answer is <u>749.</u>