**DISMISS; and Opinion Filed November 2, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01279-CV

### IN RE BOBBY GENE WOFFORD, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1053505-U**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Stoddart
Opinion by Justice Bridges

Relator filed this petition for writ of mandamus complaining that the trial court had violated a ministerial duty in failing to grant his motion for judgment nunc pro tunc. Ordinarily a claim that a judgment in a criminal case is inaccurate in failing to accurately reflect jail time credit must be brought via a motion for judgment nunc pro tunc. *See Ex parte Ybarra,* 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (orig. proceeding); *Ex parte Pena,* 71 S.W.3d 336, 336–37 (Tex. Crim. App. 2002) (orig. proceeding). A writ of habeas corpus does not lie to correct an inaccurate criminal judgment. *Ex parte Patterson,* 139 Tex. Crim. 489, 141 S.W.2d 319, 323 (1940) (orig. proceeding) (a mere irregularity in a judgment may be corrected by nunc pro tunc proceeding, but "the matter was not a subject for the granting of the writ of habeas corpus") (citing *Ex parte Beeler,* 41 Tex. Crim. 240, 53 S.W. 857, 857 (1899)). When a trial court fails to respond to a proper motion for entry of judgment nunc pro tunc, the petitioner may

seek relief in the court of appeals by way of petition for writ of mandamus. *Ybarra,* 149 S.W.3d at 149.

However, a claim that a petitioner is being held beyond the length of the sentence that was assessed against him is a claim that he is being illegally confined in violation of his constitutional rights and should be raised by a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, even if the claim is one that would be susceptible to nunc pro tunc correction during the time of the petitioner's legally proper confinement. *See Ex parte Deeringer,* 210 S.W.3d 616, 618 n.7 (Tex. Crim. App. 2006) (orig. proceeding); *Ybarra,* 149 S.W.3d at 148 n.2. This Court may not address such complaints. *See Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("What the court of appeals tried to do was treat the original mandamus petition as a writ of habeas corpus. We are the only court with jurisdiction in final post-conviction felony proceedings."). While the courts of appeals have concurrent mandamus jurisdiction with the court of criminal appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), only the court of criminal appeals has jurisdiction in final post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *In re Turk,* No. 14–09–00129–CR, 2009 WL 396197, at *1 (Tex. App.— Houston [14th Dist.] Feb. 19, 2009, orig. proceeding) (mem. op.); *In re Bailey,* No. 14–06– 00841–CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (mem. op.); *In re McAfee,* 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee,* 53 S.W.3d at 718.

Although the relator has asserted his claim in the trial court in the form of a motion for judgment nunc pro tunc, his complaint in this petition for writ of mandamus is that he has been

held beyond the period of his sentence and is being illegally confined.  This Court does not have jurisdiction over any matters related to such complaints; they must be raised with the court of criminal appeals.  We dismiss the petition.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

151279F.P05